**Modesto RICARD, Plaintiff,**

v.

**ELGIN, JOLIET & EASTERN RAILWAY COMPANY, Defendant.**

**Civ. No. H90–102.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 2, 1990.

Jerald S. Meacham, Gary, Ind. and Robert N. Stone, Minneapolis, Minn., for plaintiff.

Harold Abrahamson, Hammond, Ind., for defendant.

## MEMORANDUM OPINION AND ORDER

LOZANO, District Judge.

This matter is before the court on the Motion for Summary Judgment, filed August 3, 1990, by the defendant, Elgin, Joliet & Eastern Railway Company (hereinafter referred to as "EJ & E"). Pursuant to Local Rule 9(a) of the General Rules of the United States District Court for the Northern District of Indiana, the plaintiff, Modesto Ricard (hereinafter referred to as "Ricard"), had fifteen (15) days, or until August 20, 1990,[1] within which to file a response or objection to the defendant's Motion for Summary Judgment. The plaintiff's failure to file a response within the requisite time period operates as a waiver of his right to make such a filing, and subjects the defendant's Motion for Summary Judgment to summary ruling. N.D. Ind. Rule 9(a). For the reasons set forth herein, the defendant, EJ & E's Motion for Summary Judgment is hereby GRANTED.[2]

## BACKGROUND

On April 5, 1990, Ricard filed this action under 45 U.S.C. §§ 51 *et seq.* (hereinafter referred to as "FELA"), against the defendant, EJ & E, by whom Ricard has been employed since September 7, 1965. The plaintiff alleges hearing loss as a result of his employment by the defendant, EJ & E.

Ricard first worked as a laborer for the defendant, EJ & E. Thereafter, he became a roadway machine operator in 1968 and in 1973 he became a track foreman, which is the position he has held until the present time. Over the course of his employment with the defendant, EJ & E, the plaintiff, Ricard, worked with such machines as air compressors, backhoes, concrete busters, hydrenewers, jet snow blowers, tie cranes, and air compressors with spike guns.

On March 2, 1984, the plaintiff submitted to a hearing test which indicated that his hearing capacity had been lowered. In December 1985, the plaintiff sought the assistance of counsel to institute legal action against the defendant, EJ & E, for the hearing loss he experienced as a result of working for the defendant. On December 9, 1985, plaintiff's counsel sent the defendant a letter by which the plaintiff sought resolution of this matter. A complaint was not filed until five years later, on April 5, 1990.

## DISCUSSION

The defendant contends that the plaintiff's claim for damages for hearing loss sustained as a result of his work environment accrued in 1984 when, as a result of a hearing test, he acquired actual knowledge of the injury. The defendant supports this contention by citing the fact that the plaintiff hired counsel in 1985, and that the plaintiff's counsel sent the defendant, the EJ & E, a letter on December 9, 1985, seeking resolution of the defendant's claim for hearing loss. The defendant further contends that since the plaintiff violated the statute of limitations by waiting to file his cause of action until April 2, 1989, summary judgment is appropriate.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." *Walter v. Fiorenzo,* 840 F.2d 427, 434 (7th Cir.1988); *Beard v. Whitley County R.E. M.C.,* 840 F.2d 405, 409 (7th Cir.1988); *Roman v. U.S. Postal Service,* 821 F.2d 382, 385 (7th Cir.1987); *McGraw–Edison Co. v. Walt Disney Productions,* 787 F.2d 1163, 1167 (7th Cir.1986); *Federal Deposit Insurance Corp. v. Meyer,* 781 F.2d 1260, 1267 (7th Cir.1986). "Whether a fact is

---

1. In this case, the fifteen (15) day requirement of Local Rule 9 would have required the plaintiff to file his response on or before August 18, 1990, which fell on a Saturday. Accordingly, the plaintiff actually had until August 20, 1990 to file a response to the motion for summary judgment.

2. The defendant's motion to strike plaintiff's demand for jury trial, filed on June 12, 1990, is also before this court. However, in light of the ruling on the motion for summary judgment, this court will not issue a ruling on the defendant's motion to strike the plaintiff's demand for a jury trial.

material depends on the substantive law underlying a particular claim and 'only disputes over facts which might effect the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter*, 840 F.2d at 434 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 211 (1986)).

The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Donald v. Polk County*, 836 F.2d 376 (7th Cir.1988); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142 (1970); *Backes v. Valspar Corp.*, 783 F.2d 77, 79 (7th Cir.1986). To preclude summary judgment, a non-moving party must show a material issue of fact. "A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard*, 840 F.2d at 410. Therefore, if a party fails to establish the existence of an essential element of its case on which it bears the burden of proof at trial, summary judgment will be appropriate. In this situation, "there can be no 'genuine issue as to any material fact', since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986). See also *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511, 91 L.Ed.2d at 212.

█ The plaintiff asserts a claim for damages for hearing loss under the FELA, 45 U.S.C. §§ 51, *et seq.* A plaintiff seeking damages for personal injury under the FELA must bring suit within three (3) years of the accrual of his cause of action. Title 45, § 56 provides, in relevant part, that: "[n]o action shall be maintained under this chapter unless commenced within three (3) years from the day the cause of action accrued." While the statute of limitations is an affirmative defense, the plaintiff bears the burden of establishing an exception to the statute of limitations. *Drazan v. United States*, 762 F.2d 56, 60 (7th Cir.1985) (citing *DeWitt v. United States*, 593 F.2d 276, 281 (7th Cir.1979); *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir.1980)).

█ A cause of action involving a latent injury or disease accrues when the effects of the disease manifest themselves. *Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282 (1949). An employee claiming damages for a hearing loss does not need a definite medical diagnosis that the injury is work-related in order for the statute of limitations to begin running. *Jones v. Maine Cent. R.R. Co.*, 690 F.Supp. 73, 74 (D.Me.1988). Likewise, a plaintiff's inability to remember whether a physician informed him that he was suffering from a work-related hearing loss does not toll the statute of limitations. *Courtney v. Union Pac. R.R. Co.*, 713 F.Supp. 305, 307 (E.D. Ark.1989).

When a plaintiff knows that he has been injured and who has injured him, he possesses knowledge of the critical factors required to bring suit. *United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259, 269 (1979). The statute of limitations begins to run on such cause of action when the plaintiff knows of these critical factors, or when a reasonably diligent person would be aware of them. *Nemmers v. United States*, 795 F.2d 628, 631 (7th Cir.1986); *Drazan v. United States*, 762 F.2d at 59; *Espinoza v. United States*, 715 F.Supp. 207, 211 (N.D.Ill.1989).

█ In this case the plaintiff knew of his hearing loss in 1984, when the results of his hearing test indicated that he had diminished hearing capacity. The record indicates that the plaintiff was not ignorant of either the possible cause of his hearing loss, or his legal remedies. This is evidenced by the fact that he retained counsel, who sent a letter to the defendant, EJ & E, on December 9, 1985, in an effort to resolve the plaintiff's claim against the defendant, EJ & E, for damages for his hearing loss. At that point, the plaintiff possessed knowledge of the facts critical to his

claim—his injury and its cause. Therefore, the plaintiff's cause of action accrued at the very latest on December 9, 1985, when his attorney sent a letter to the defendant, EJ & E, in an effort to resolve the claim.

■ In this case, the plaintiff continued to work for the defendant, EJ & E, even after acquiring knowledge of his hearing loss and its possible cause. The continuing tort doctrine, which tolls the statute of limitations until the tortious conduct which caused the injury has ended, does not apply in this case. The continuing tortious conduct of the defendant does not toll the statute of limitations when the plaintiff has knowledge of the fact of his injury and of its possible cause. *Stokes v. Union Pac. R.R. Co.*, 687 F.Supp. 552, 554 (D.Wyo. 1988) (citing *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 357 (3d Cir.1986)). "On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Kichline v. Consolidated Rail Corp.*, 800 F.2d at 360.

■ The fact that the plaintiff has filed his cause of action in a timely fashion is essential to his case. Once the defendant filed its Motion for Summary Judgment, which clearly demonstrates that the plaintiff acquired knowledge of his hearing loss and its possible cause by 1985, and that the plaintiff did not file his cause of action until 1989, which is beyond the three (3) year statute of limitations for FELA actions, the plaintiff could no longer rest on his pleadings, and became obligated to affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial. *Beard*, 840 F.2d at 410. The plaintiff has, however, failed to respond to the defendant's Motion for Summary Judgment, and has therefore failed to demonstrate by any means whatsoever that the statute of limitations should be tolled or that he had no reason to believe in 1985 that he had been injured and that the defendant's acts or omissions were the cause of his injury. "[A]lthough the statute of limitations is . . . an affirmative defense, the burden of establishing an exception to the statute of limitations is on the plaintiff." *Drazan v.*

*United States*, 762 F.2d at 60 (citations omitted). The plaintiff has failed to carry this burden, and the district court has no obligation to scour the record in search of an issue of fact in order to make the case for a party who does nothing. *Herman v. Chicago*, 870 F.2d 400, 404 (7th Cir.1989). Accordingly, this court finds that there is no genuine issue of material fact which requires trial, and the defendant is entitled to summary judgment as a matter of law.

Based on the foregoing, the defendant's Motion for Summary Judgment is hereby GRANTED. The clerk of the court is hereby ORDERED to enter judgment for the defendant.