■ Roy Guiher, Respondent, v South Buffalo Railway Company, Appellant.—Order unanimously affirmed with costs. Memorandum: Plaintiff was employed by defendant as a railway worker from April 1, 1953 to August 1985. In his complaint, served on June 21, 1988, plaintiff alleged that, because he was subjected to unreasonable amounts of noise and vibration, he suffers sensorineural hearing loss, a variety of medical problems and an increased risk of further medical problems. Defendant moved for summary judgment on the grounds that the claim for hearing loss was barred by the Statute of Limitations and that plaintiff's claim for other alleged injuries was unsupported and not cognizable. Supreme Court denied the motion.

Plaintiff's cause of action with respect to hearing loss accrued when he knew or should have known of his hearing loss and its cause (see, *United States v Kubrick*, 444 US 111, 120-123; *Urie v Thompson*, 337 US 163, 169-170; *Fries v Chicago & Northwestern Transp. Co.*, 909 F2d 1092, 1094-1095). The applicable Statute of Limitations period is three years (see, 45 USC § 56), and defendant had the burden of establishing that the claimed hearing loss was barred by the statute (see, *Martin v Edwards Labs.*, 60 NY2d 417, 428; *Davis v Robins Co.*, 99 AD2d 342, 347-348). Defendant failed to meet that burden (cf., *Stachowski v Consolidated Rail Corp.*, 190 AD2d 1004 [decided herewith]; *Lechowicz v Consolidated Rail Corp.*, 190 AD2d 998 [decided herewith]). Defendant's motion was supported by plaintiff's deposition testimony, which was equivocal at best. Plaintiff variously testified that he knew of the hear-

ing loss and its cause before he retired and, then, not until after he retired. That equivocal testimony was insufficient to establish, as a matter of law, that plaintiff's claim for hearing loss accrued more than three years before his action was commenced. Further, plaintiff declared in an affidavit submitted in opposition to the motion that he did not know of his hearing loss or its cause until after he retired, which was well within the limitations period.

With respect to plaintiff's cause of action for other injuries, defendant had the burden of showing by proof in admissible form that plaintiff had no cognizable claim (see, Barrette v General Elec. Co., 144 AD2d 983; see also, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965). In support of its motion, defendant submitted uncertified hospital records and an unsworn letter from plaintiff's expert physician, none of which constituted the proof required. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Boehm and Davis, JJ.