■ RAYMOND LECHOWICZ, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was employed as a railroad worker by defendant Consolidated Rail Corporation (Conrail), or its predecessors, from December 28, 1946 until his retirement effective October 1, 1986. On October 3, 1989, he commenced this action under the Federal Employers' Liability Act (FELA; 45 USC §§ 51-60) seeking monetary damages for personal injuries he allegedly sustained, including permanent sensorineural hearing loss, as a result of his exposure to excessive levels of noise and vibrations during the course of his employment with Conrail. Subsequently, Conrail moved for summary judgment dismissing the complaint contending that plaintiff's hearing loss claim was time-barred by the applicable three-year Statute of Limitations *(see,* 45 USC § 56) and plaintiff's remaining claims to recover for "increased risk" of developing additional health problems are not cognizable as a matter of law. Supreme Court denied Conrail's motion. We modify by granting the motion to the extent of dismissing plaintiff's hearing loss claim.

Section 56 of FELA states that no cause of action may be maintained under the statute "unless commenced within three years from the day the cause of action accrued". Accrual is defined for Statute of Limitations purposes in terms of two

components, the injury and its cause. In cases involving latent occupational diseases whose specific date of injury cannot be determined because the injury results from continual exposure to a harmful condition over a period of time, a plaintiff's cause of action accrues when a reasonable person knows or in the exercise of reasonable diligence should know of both the injury and its governing cause *(see, United States v Kubrick,* 444 US 111, 120-123; *Urie v Thompson,* 337 US 163, 169-170; *Fries v Chicago & Northwestern Transp. Co.,* 909 F2d 1092, 1094-1095; *Kichline v Consolidated Rail Corp.,* 800 F2d 356, 359; *Zeleznick v United States,* 770 F2d 20, 23). The rule imposes on an injured plaintiff an affirmative duty to investigate the potential cause of his injury upon experiencing symptoms or once the injury manifests itself *(see, Fries v Chicago & Northwestern Transp. Co., supra,* at 1095; *see also, United States v Kubrick, supra,* at 120-121). " '[T]o allow a plaintiff to unilaterally postpone the running of the statute of limitations by negligently failing to investigate the fact of and cause of his injury would thwart the legislative intent of 45 U.S.C. § 56' " *(Fries v Chicago & Northwestern Transp. Co., supra,* at 1096).

We conclude that Conrail demonstrated its entitlement to summary judgment dismissing plaintiff's hearing loss claim by submission of evidentiary proof in admissible form establishing that plaintiff knew, or, in the exercise of reasonable diligence should have known, of both his hearing loss and its cause no later than June 25, 1986 *(see, Stachowski v Consolidated Rail Corp.,* 190 AD2d 1004 [decided herewith]; *cf., Guiher v South Buffalo Ry. Co.,* 190 AD2d 997 [decided herewith]). Plaintiff admitted in his examination before trial that he was told on that date, if not earlier, that he had a loss of hearing, by a physician who performed his company physical examination. Further, plaintiff testified that he suspected that his hearing loss was caused by his exposure to excessive levels of noise in the railroad yard. Contrary to plaintiff's contention, no actual medical diagnosis of the injury and its governing or probable cause is necessary for the Statute of Limitations to begin to run. In sum, plaintiff failed to come forward with evidentiary proof in admissible form to show the existence of a triable issue of fact regarding the accrual of his hearing loss claim.

Finally, we conclude that Conrail failed to meet its burden of establishing entitlement to summary judgment dismissing plaintiff's remaining claims because it failed to submit evidentiary proof in admissible form to establish its entitlement to judgment as a matter of law. Contrary to defendant's conten-

tion, plaintiff did not have the initial burden of establishing his injuries. The medical records submitted by defendant in support of its summary judgment motion did not constitute evidentiary proof in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Guiher v South Buffalo Ry. Co., supra).* (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Boehm and Davis, JJ.