■ RAYMOND J. BRIGGS, Appellant-Respondent, v CONSOLI-DATED RAIL CORPORATION, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs were employed as railroad workers by defendant Consolidated Rail Corporation (Conrail) or its predecessors, and retired with over 30 years of service to Conrail. Following retirement each plaintiff commenced an action under the Federal Employers' Liability Act (FELA; 45 USC §§ 51-60) seeking damages for permanent sensorineural hearing loss and other personal injuries allegedly sustained as the result of his long-term exposure to harmful levels of noise and vibration during the course of employment. Defendant moved for summary judgment dismissing each complaint on the grounds that plaintiffs' claims for hearing loss are barred by the applicable three-year Statute of Limitations *(see,* 45 USC § 56), that plaintiffs' claims for other health problems lack evidentiary support and that plaintiffs' claims to recover for the "increased risk" of developing additional health problems are not legally cognizable.

Supreme Court properly granted summary judgment to defendant, dismissing plaintiffs' claims for sensorineural hearing loss. Each plaintiff's cause of action accrued when he knew or should have known of his hearing loss and its cause *(see, Guiher v South Buffalo Ry. Co.,* 190 AD2d 997 [decided herewith]; *Lechowicz v Consolidated Rail Corp.,* 190 AD2d 998 [decided herewith]; *Stachowski v Consolidated Rail Corp.,* 190 AD2d 1004 [decided herewith]). On May 6, 1977 plaintiff Briggs was diagnosed with a hearing loss and told by the examining physician that the hearing loss was caused by his employment. Plaintiff Dineen admitted that he was aware, in late 1986, that he suffered from a loss of hearing and that his condition was caused by exposure to noise at the railroad. No later than 1986, plaintiff Vipari was diagnosed with an employment-related hearing loss. Because each action was commenced more than three years after the claim accrued, plaintiffs' claims for sensorineural hearing loss were properly dismissed.

The "continuing tort" doctrine does not save plaintiffs' hearing loss claims from the bar of the three-year limitations period. In an action under FELA, the "continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy" *(Kichline v Consolidated Rail*

*Corp.,* 800 F2d 356, 360; *accord, Ricard v Elgin, Joliet & E. Ry. Co.,* 750 F Supp 372, 375; *Courtney v Union Pac. R. R. Co.,* 713 F Supp 305, 310; *Stokes v Union Pac. R. R. Co.,* 687 F Supp 552, 554).

Plaintiffs, however, are entitled to seek damages for aggravation of their injuries, including their alleged hearing loss, which occurred within the three-year period preceding the commencement of the action *(see, Kichline v Consolidated Rail Corp., supra,* at 361; *Colley v Burlington N. R. R. Co.,* 1990 US Dist LEXIS 19553; *Billman v Missouri Pac. R. R. Co.,* 825 SW2d 525 [Tex App 1992]; *Smith v Cliff's Drilling Co.,* 562 So 2d 1030, 1032-1033 [La App 1990]; *McCoy v Union Pac. R. R. Co.,* 102 Ore App 620, 628, 796 P2d 646, 650; *but see, Fries v Chicago & Northwestern Transp. Co.,* 909 F2d 1092, 1095). Defendant failed to meet its initial burden of coming forward with admissible evidence showing that plaintiffs' claims for aggravation of their injuries have no merit *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967). Therefore, summary judgment was improperly granted to defendant dismissing plaintiffs' claims for aggravation of their injuries within the limitations period.

Similarly, defendant failed to establish its entitlement to judgment dismissing plaintiffs' claims for damages resulting from defendant's negligence in assigning them to injurious work. A cause of action for negligent assignment arises when an employer assigns an employee to work that causes injury if the employer "knew or should have known that its assignment exposed the employee to an unreasonable risk of harm" *(Fletcher v Union Pac. R. R. Co.,* 621 F2d 902, 909, *cert denied* 449 US 1110). Defendant failed to submit evidence in admissible form establishing that it was not aware and had no reason to know that its work assignments exposed each plaintiff to an unreasonable risk of injury. Plaintiffs' claims for negligent assignment are timely because the FELA Statute of Limitations was tolled until the final day that each plaintiff was subjected to the conditions causing the injury *(see, Corrigan v Burlington N. R. R.,* 612 F Supp 665, 668).

In support of its motions for summary judgment dismissing the claims of plaintiffs Briggs and Dineen for injuries unrelated to hearing loss, defendant submitted uncertified, unsworn medical records and an unsworn letter from each plaintiff's physician. Those documents do not constitute evidentiary proof in admissible form *(see, Lechowicz v Consolidated Rail Corp.,* 190 AD2d 998, *supra; Guiher v South Buffalo Ry. Co.,* 190 AD2d 997, *supra),* and thus summary judgment was

improperly granted with respect to the other alleged health problems of plaintiffs Briggs and Dineen.

In his verified bill of particulars, however, plaintiff Briggs averred that he did not suffer from diabetes or hypertension. Thus, plaintiff Briggs' claims for damages arising from those conditions were properly dismissed. Similarly, with respect to plaintiff Vipari's claims for injuries unrelated to his hearing loss, defendant submitted plaintiff's verified bill of particulars, in which plaintiff averred that he did not suffer from any other medical condition. Thus, plaintiff Vipari's claims for damages arising from those conditions unrelated to his hearing loss were properly dismissed.

We modify the order in the *Briggs* appeal by denying in part defendant's motion for summary judgment and reinstating plaintiff's claims for aggravation of his hearing loss that occurred within three years prior to commencement of the action, injuries resulting from defendant's negligent assignment and injuries unrelated to his hearing loss. We affirm those parts of the order dismissing plaintiff's claim for sensorineural hearing loss as time-barred and dismissing plaintiff's claims for diabetes and hypertension.

We modify the order in the *Dineen* appeal by denying in part defendant's motion for summary judgment and reinstating plaintiff's claims for aggravation of his hearing loss that occurred within three years prior to commencement of the action, injuries resulting from defendant's negligent assignment and injuries unrelated to his hearing loss. We affirm that part of the order dismissing plaintiff's claim for sensorineural hearing loss as time-barred. Defendant did not seek and the court did not grant dismissal of plaintiff's claim for hypertension. Therefore, that part of the order relating to plaintiff's claim for hypertension is not at issue on appeal.

We modify the order in the *Vipari* appeal by denying in part defendant's motion for summary judgment and reinstating plaintiff's claims for aggravation of his hearing loss that occurred within three years prior to commencement of the action and injuries resulting from defendant's negligent assignment. We affirm those parts of the order dismissing plaintiff's claim for sensorineural hearing loss as time-barred and dismissing plaintiff's claims for injuries unrelated to his hearing loss. (Appeals from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.