■ NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, v CARYL A. V. GIBBS, Appellant. [609 NYS2d 737] — Judgment unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting plaintiff's motion for partial summary judgment. Plaintiff

sought a judgment declaring that the damages it sustained as the result of excessive water infiltration in the C-31 portion of its Light Rail Rapid Transit tunnel were damages covered by defendant underwriter's insurance policy. In a prior action involving the C-11 portion of the tunnel, this Court upheld a determination that the specifications for construction of the concrete liner were design specifications and that the contractor, who had constructed the liner in accordance with the contract and specifications, was entitled to compensation for remedial work undertaken to meet the contract standard for watertightness *(Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.,* 180 AD2d 222). Assuming, arguendo, that the specifications for construction of the C-31 portion of the tunnel were identical to specifications for the C-11 portion of the tunnel, i.e., that they were design specifications, plaintiff nevertheless failed to establish, by the submission of proof in evidentiary form, that the damages incurred due to alleged excessive water infiltration in the C-31 tunnel were caused by "design error" within the meaning of defendant's policy. The unsworn letter of the contractor and the unsworn report of its consulting engineers are not proof in evidentiary form and should not have been considered by the court in determining that issue *(see, Briggs v Consolidated Rail Corp.,* 190 AD2d 1047, 1048). Plaintiff also failed to establish that the performance of the contractor for the C-31 portion of the tunnel was in accordance with the specifications and that its performance did not cause excessive water infiltration in that portion of the tunnel. Finally, defendant, who was not a party to the *Fruin-Colnon* case, is not bound by the determination in that case that the specification at issue was a design specification. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Declaratory Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.