■ Edward J. Welch, Jr., et al., Appellants, v Prevost Landowners, Inc., Respondent. [609 NYS2d 396] —White, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered August 10, 1992 in Otsego County, which, *inter alia,* denied plaintiffs' motion for summary judgment.

This action to quiet title arises from three deeds executed by Ernest Lippitt, Gregory Lippitt, Lester Clark and Florence Joslin (hereinafter collectively referred to as the Lippitts) to plaintiffs and defendant's predecessor in title, Burnette Southworth, conveying lands in a subdivision located in the Town of Middlefield, Otsego County. The property in question is 75 feet by 100 feet and adjoins plaintiffs' premises, which the Lippitts allegedly conveyed to plaintiffs by deed dated August 23, 1973. The two deeds that Southworth received from the Lippitts were executed on August 23, 1973 and recorded on August 27, 1973, and consisted of (1) a warranty deed which conveyed nine acres in the subdivision to Southworth and (2) a quitclaim deed that conveyed all the remaining property which the Lippitts owned in the subdivision to Southworth, but excepting therefrom all of the lots, rights and easements that the Lippitts had previously sold to others. In 1989, Southworth conveyed his entire interest to defendant, which made arrangements with the Otsego County Tax Map Department to have the tax bills relating to the subject parcel, which plaintiffs had been paying, sent to it.

Plaintiffs then commenced this action and, following the service of their reply to defendant's counterclaims, moved for summary judgment or, in the alternative, leave to amend

their reply to assert the affirmative defense of the Statute of Limitations. In the event leave to amend was granted, plaintiffs then sought summary judgment dismissing defendant's first, second and sixth affirmative defenses along with its first counterclaim founded on RPAPL article 15. Defendant responded by cross-moving for summary judgment. Supreme Court, *inter alia,* denied both motions for summary judgment, granted plaintiffs leave to amend their reply and denied their alternative motion for summary judgment predicated upon the Statute of Limitations. Plaintiffs appeal.

To succeed on their motion, plaintiffs had the burden of coming forward with evidentiary proof in admissible form showing that the Lippitts had not conveyed the disputed parcel to Southworth, thus establishing that plaintiffs held title to it *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Town of N. Hempstead v Bonner,* 77 AD2d 567, *lv denied* 51 NY2d 707). As to Southworth's warranty deed plaintiffs established, through the use of survey maps and the metes and bounds description contained in the deed, that the warranty deed did not convey the subject parcel to Southworth. However, as to Southworth's quitclaim deed, plaintiffs did not present sufficient evidence to establish, as a matter of law, that the subject parcel was not included within the lands conveyed to Southworth by the quitclaim deed. Clearly, this parcel was not excepted from the land conveyed by the quitclaim deed given the fact that, although plaintiffs' deed is dated August 23, 1973, the parcel was not actually conveyed to plaintiffs until November 19, 1974 when the grantors signed the deed *(see,* General Obligations Law § 5-703; Real Property Law § 243). Moreover, the letter from the attorney who drew the deeds which plaintiffs submitted supporting their position lacked probative value because it was unsworn *(see, Briggs v Consolidated Rail Corp.,* 190 AD2d 1047, 1048). In addition to these factors, defendant raised a substantial issue of fact by contending that plaintiffs' claim is precluded by the Recording Act (Real Property Law § 291) because plaintiffs' deed was recorded well after Southworth's quitclaim deed. Therefore, in view of these circumstances, Supreme Court did not err in denying plaintiffs' motion for summary judgment.

Turning to the issue of the Statute of Limitations, an owner who is in possession of real property need not comply with the time limitations in an action to discharge an encumbrance on his title, while a person claiming title, but not in possession, must act affirmatively within the period provided by the

Statute of Limitations *(see, Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 261; *Ford v Clendenin,* 215 NY 10, 16). The application of this rule to the present case is foreclosed at this point because it cannot be definitively determined on this record who holds title to the subject parcel. We therefore conclude that Supreme Court's denial of plaintiffs' alternative summary judgment motion was also appropriate.

For these reasons, we affirm Supreme Court's order.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.