■ Nicholas Drivas, Plaintiff, v Richard Breger et al., Defendants and Third-Party Plaintiffs-Respondents. Nisa Glass Systems, Inc., Third-Party Defendant-Appellant. [709 NYS2d 187] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about May 6, 1999, which, in an action for personal injuries under Labor Law § 240 (1), granted defendants building owners' motion for judgment notwithstanding the verdict on their claim for common-law indemnification against third-party defendant-appellant, plaintiff's employer, unanimously affirmed, without costs.

Upon the evidence at trial, no line of valid reasoning permits a finding of negligence on the part of the building owners. Plaintiff, who is the sole shareholder and president of the third-party defendant corporation that employs him, testified that he examined the metal balcony before he stood on it, it looked fine, and it simply collapsed while he was standing on it performing his work of installing windows. Upon the basis of such testimony, third-party defendant argues that there must have been negligence on the part of the owners in inspecting and maintaining the balcony. However, "the mere happening of an accident does not constitute negligence" (*Candelier v City*

*of New York*, 129 AD2d 145, 148). Plaintiff never stated what the defect in the balcony was, nor has any ever been identified. Obviously, absent any evidence of a defect, the owners cannot be held liable for failing to take remedial action. It being undisputed that the owners did not control or supervise plaintiff's work, they are entitled to common-law indemnification from plaintiff's employer (*see, Mangano v American Stock Exch.*, 234 AD2d 198). Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.