■ JAMES PRENTY, Respondent, v CAVA CONSTRUCTION CO., INC., Respondent, and TIMOTHY WHITE, Appellant. (And Other Actions.) [735 NYS2d 43] —Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered May 14, 2001, which, insofar as appealed from, granted plaintiff laborer's motion for summary judgment on the issue of defendant building owner's (White) li-

ability under Labor Law § 240 (1), and denied White's motion for summary judgment on his cross claims for common-law and contractual indemnification against defendant general contractor (Cava), unanimously modified, on the law, to grant White summary judgment on his cross claims for common-law and contractual indemnification against Cava, and otherwise affirmed, without costs.

Plaintiff, a self-employed plasterer, established White's liability under Labor Law § 240 (1) by showing that the scissor lift he was using, provided by Cava, toppled over, causing him to fall to the ground about 30 feet below (*see, Cruz v Turner Constr. Co.*, 279 AD2d 322, 322-323; *Cosban v New York City Tr. Auth.*, 227 AD2d 160, 161; *Garcia v 1122 E. 180th St. Corp.*, 250 AD2d 550, 551). Since Cava did not provide plaintiff with any appropriate safety devices, it does not avail White to argue that the lift was not defective and that the sole cause of the accident was plaintiff's attempt to level the lift on a slanted sidewalk by the use of planks without any bracing or support (*see, Vacanti v Habasit Globe*, 283 AD2d 935). While Cava asserts that it told plaintiff to dismantle a scaffold on another side of the building and reassemble it, the record demonstrates that this was not plaintiff's obligation. Nor does the recalcitrant worker defense apply where the scaffold was on another side of the building and no fully assembled and ready to use safety device was provided (*see, Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99; *Garcia v 1122 E. 180th St. Corp.*, *supra*, at 551-552). However, it was error to deny summary judgment on White's cross claims for indemnification against Cava, where Cava was contractually obligated to provide all the safety equipment used during the project, and White established that he neither controlled plaintiff's activities nor the construction procedures employed by the workers at the site (*see, Correia v Professional Data Mgt.*, 259 AD2d 60; *Tworek v Mutual Hous. Assn.*, 279 AD2d 469, 470). Concur—Nardelli, J. P., Mazzarelli, Andrias and Ellerin, JJ.