■ THOMAS PAGANO, Respondent, v LONG ISLAND RAIL ROAD COMPANY et al., Appellants. [772 NYS2d 594]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barbaro, J.), dated February 13, 2003, as denied that branch of their motion which was for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

An action to recover damages under the Federal Employers' Liability Act (hereinafter FELA) must be commenced "within three years from the day the cause of action accrued" (45 USC § 56). A FELA claim accrues when a reasonable person knows, or in the exercise of due diligence should have known, of both the injury and the cause of that injury (see Lechowicz v Consolidated Rail Corp., 190 AD2d 998 [1993]; Mix v Delaware & Hudson Ry. Co., 345 F3d 82 [2003], cert denied — US — [Feb. 23, 2004]; Campbell v Grand Trunk W. R.R. Co., 238 F3d 772 [2001]; Fries v Chicago & Northwestern Transp. Co., 909 F2d 1092, 1095 [1990]). Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint as time-barred. In support of their motion for summary judgment, the defendants failed to demonstrate, as a matter of law, that the plaintiff knew or should have known that he was suffering from carpal tunnel syndrome before he was diagnosed with that condition in September 1994. The defendants also failed to demonstrate, as a matter of law, that the plaintiff knew or should have known that his condition was related to his former employment at the defendant railroad prior to his receipt of a medical opinion to this effect in March 1995. Accordingly, the issue of when the plaintiff's FELA claim accrued must await resolution at trial. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.