■ ELLISTON C. ASHBY, Respondent, v LONG ISLAND RAIL ROAD COMPANY et al., Appellants. [777 NYS2d 177]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barbaro, J.), dated February 13, 2003, as denied that branch of their motion which was for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was hired by the defendant Long Island Rail Road Company (hereinafter the LIRR) in 1980. On or about February 20, 1998, the plaintiff commenced this action under the Federal Employers Liability Act (45 USC §§ 51-60, hereinafter FELA) against the LIRR and the defendant Metropolitan Transportation Authority, seeking damages for "binaural sensory-neural hearing loss" and other personal injuries allegedly sustained as a result of his long-term exposure to harmful levels of noise during his course of employment. The defendants moved for summary judgment, arguing, inter alia, that the plaintiff's claims for hearing loss were barred by the applicable three-year statute of limitations (*see* 45 USC § 56).

Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint as time-barred since they failed to submit sufficient evidence to establish that the action was barred by the statute of limitations (*see Guiher v South Buffalo Ry. Co.,* 190 AD2d 997, 998 [1993]). The plaintiff's cause of action accrued when he knew or should have known of his hearing loss and its cause (*see Urie v Thompson,* 337 US 163,

170 [1949]; *United States v Kubrick*, 444 US 111, 122-125 [1979]). The plaintiff was diagnosed with permanent hearing loss on June 20, 1995. Although he testified that he experienced ringing in his ears before the statute's accrual date, he also testified that the ringing was temporary, and that he was unaware that he was suffering from progressive hearing loss until June 1995. Since the defendants failed to establish that the plaintiff's cause of action accrued before June 20, 1995, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint as time-barred (*see Urie v Thompson, supra; United States v Kubrick, supra; Mix v Delaware & Hudson Ry. Co.,* 345 F3d 82 [2003], *cert denied* — US —, 124 S Ct 1423 [2004]; *Pagano v Long Is. R.R. Co.,* 5 AD3d 451 [2004]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.