■ MAUREEN ROVIELLO, Respondent, v LONG ISLAND RAIL ROAD COMPANY et al., Appellants. [828 NYS2d 514]—

In an action to recover damages for personal injuries and

wrongful death, the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated August 9, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff's decedent was employed by the defendant Long Island Rail Road Company (hereinafter the LIRR) as a conductor, flagman, and brakeman from 1971 through 1997. In May 1997 he was diagnosed with lung cancer, from which he subsequently died. On April 4, 2001 the plaintiff, in her capacity as administratrix of the decedent's estate, commenced this action under the Federal Employers' Liability Act (45 USC § 51 *et seq.*; hereinafter FELA), alleging that the decedent's illness and death were caused by toxic exposures he experienced while he was employed by the LIRR. The defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the claim was barred by the applicable statute of limitations. The Supreme Court denied the motion, and we reverse.

FELA provides that no action shall be maintained unless commenced within three years from the date the cause of action accrued (*see* 45 USC § 56). A FELA claim accrues when the employee knows, or should know, of both the existence and the potential cause of the injury (*see United States v Kubrick*, 444 US 111, 120-123 [1979]; *Urie v Thompson*, 337 US 163, 170 [1949]; *Mix v Delaware & Hudson Ry. Co.*, 345 F3d 82, 86 [2003], *cert denied* 540 US 1183 [2004]; *Fries v Chicago & Northwestern Transp. Co.*, 909 F2d 1092, 1094 [1990]; *Ashby v Long Is. R.R. Co.*, 7 AD3d 651 [2004]; *Pagano v Long Is. R.R. Co.*, 5 AD3d 451 [2004]; *Lechowicz v Consolidated Rail Corp.*, 190 AD2d 998 [1993]).

The defendants met their burden of establishing their entitlement to judgment as a matter of law by demonstrating that the decedent knew or, in the exercise of reasonable diligence should have known, that workplace exposures to toxins were a potential cause of his lung cancer shortly after his diagnosis on May 15, 1997, and certainly prior to April 4, 1998 (*see Lechowicz v Consolidated Rail Corp., supra*; *see also Matson v Burlington N. Santa Fe R.R.*, 240 F3d 1233, 1235 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the decedent was aware that his workplace exposures were a possible cause of his cancer upon, or soon after, diagnosis (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Therefore, the defendants' motion should have been granted.

In light of our determination, the defendants' remaining contentions have been rendered academic. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.