# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1393**
**CA 14-00673**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

ROGER D. CRAIN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BILL E. MANNISE AND CYNTHIA L. MANNISE,
DEFENDANTS-RESPONDENTS.
------------------------------------------
WILLIAM E. MANNISE AND CYNTHIA L. MANNISE,
THIRD-PARTY PLAINTIFFS,

V

MICHAEL ARCURI, THIRD-PARTY DEFENDANT.

MELVIN & MELVIN, PLLC, SYRACUSE (THOMAS BEZIGIAN, JR., OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (TERESA M. BENNETT OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (Donald A. Greenwood, J.), entered January 16, 2014.
The judgment granted the motion of defendants seeking summary judgment
dismissing the complaint and summary judgment on their counterclaim,
declared that defendants are the lawful owners of the disputed
property and denied plaintiff's cross motion for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the motion is denied,
the complaint is reinstated, the cross motion is granted in part, and
judgment is granted in favor of plaintiff on the first cause of action
as follows:

It is ORDERED, ADJUDGED AND DECLARED that plaintiff is
the lawful owner of the disputed property.

Memorandum:  Plaintiff commenced this action pursuant to RPAPL
article 15 seeking to compel a determination of claims to real
property, i.e., the "disputed parcel" comprising approximately one
quarter of an acre, which is described in the deed to plaintiff's
parcel and also is described in the deed to defendants' parcel
(hereafter, disputed property).  The underlying relevant facts are not
in dispute.  The parties own adjacent parcels of property in Onondaga
County.  Plaintiff acquired title to his parcel in 1976 from his

parents, who had purchased it in 1953.  Defendants purchased their parcel from third-party defendant, who transferred title by warranty deed in April 2008.  Third-party defendant had purchased the parcel in October 2002 through an in rem foreclosure proceeding and thus acquired title by tax deed from the County of Onondaga.  Plaintiff's abstract of title demonstrates that the disputed property, which is vacant, has consistently been part of plaintiff's parcel.  However, in 1959, the disputed property was included, in error, in a deed transferring defendants' parcel to a predecessor in interest, and that error was repeated thereafter each time the parcel now owned by defendants was transferred.  The Onondaga County tax map shows the disputed property as part of defendants' parcel and not as part of plaintiff's parcel.  In 2003, plaintiff's attorney advised third-party defendant that he must cease and desist from doing work on the disputed property and provided him, by letter, with an explanation that, in 1959 "the description in th[e] deed included land east of the creek, and the seller did not own any land east of the creek . . . Nevertheless, the creek has always been the correct westerly boundary of [plaintiff's] land."

Defendants moved for summary judgment dismissing the complaint on the ground that the instant action is barred by the six year statute of limitations (*see* CPLR 213 [1]), inasmuch as plaintiff was aware of the tax deed transferring the property to third-party defendant on October 15, 2002, and plaintiff failed to commence the action until June 9, 2009.  Plaintiff cross-moved for summary judgment on his complaint and to dismiss defendants' counterclaim seeking a declaration pursuant to RPAPL article 15 that they are the "lawful and rightful" owners of the disputed property.  Supreme Court determined that plaintiff was required to commence the action within six years of the date of the tax deed, reasoning that the tax deed was voidable, not void.  The court therefore granted the motion and denied the cross motion, declaring that defendants are the lawful owners of the disputed property.  That was error.

"It is well settled that an owner in possession has a right to invoke the aid of a court of equity at any time while he is so the owner and in possession, to have an apparent, though in fact not a real incumbrance discharged from the record and such right is never barred by the [s]tatute of [l]imitations.  It is a continuing right which exists as long as there is an occasion for its exercise" (*Ford v Clendenin*, 215 NY 10, 16; *see Schoener v Lissauer*, 107 NY 111, 116-117; *Miner v Beekman*, 50 NY 337, 343).  Indeed, "[a] [s]tatute of [l]imitations is one of repose designed to put an end to stale claims and was never intended to compel resort to legal remedies by one who is in complete enjoyment of all he claims . . . The logic of such a view is inescapably correct, for otherwise, the recording of the deed resulting from such a proceeding would transform the owner's absolute title in fee simple into a right of action only, the exercise of which is subject to time limitation" (*Cameron Estates, Inc. v Deering*, 308 NY 24, 31, *rearg denied* 308 NY 808 [internal citations omitted]; *see Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 261; *see also Welch v Prevost Landowners*, 202 AD2d 803, 804-805; *Piedra v Vanover*, 174 AD2d 191, 196).

We conclude that, inasmuch as plaintiff and his predecessors in interest have always held title and have been in continuous possession of the disputed property, the tax deed to defendants' predecessor in interest was void with respect to the disputed property because the County of Onondaga could not convey an interest in land that it did not have (*see generally Washington Temple Church of God in Christ, Inc. v Global Props. & Assoc., Inc.*, 55 AD3d 727, 727-728).  Indeed, "[a] purchaser who fails to use due diligence in examining the title is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (*id.* at 728).  Here, due diligence on the part of defendants would have disclosed the error in the 1959 transfer of the disputed property.

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court