Elwell v Shumaker (2018 NY Slip Op 00722)





Elwell v Shumaker


2018 NY Slip Op 00722


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND CURRAN, JJ.


1285 CA 17-00210

[*1]ROGER D. ELWELL AND KATHLEEN J. ELWELL, PLAINTIFFS-APPELLANTS,
v
ROBERT SHUMAKER AND MARJORIE SHUMAKER, DEFENDANTS-RESPONDENTS. 






MICHAEL J. WRONA, BUFFALO, FOR PLAINTIFFS-APPELLANTS. 


 Appeal from a judgment of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered March 17, 2016. The judgment, inter alia, dismissed the amended complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this RPAPL article 15 action seeking to establish, inter alia, their ownership of a disputed strip of land that is located at the boundary between their property and that of defendants, their neighbors. Plaintiffs appeal from a judgment that, inter alia, dismissed the amended complaint after a bench trial. We affirm.
We reject plaintiffs' contention that they established their title to the disputed strip of land. The record from the bench trial establishes that plaintiffs relied upon their deed and that of defendants, which apparently place the mutual property line in two different locations that are about 40 feet apart at the widest point. Plaintiffs failed, however, to introduce a chain of title for either property. It is well settled that, "in an RPAPL article 15 action, the burden is on the plaintiff to establish by a preponderance of the evidence that the disputed property is within its chain of title . . . Accordingly, a plaintiff must demonstrate that it has good title and may not rely on any infirmities in its opponent's title" (State of New York v Moore, 298 AD2d 814, 815 [3d Dept 2002]; see generally Adamec v Mueller, 94 AD3d 1212, 1213 [3d Dept 2012], lv denied 20 NY3d 856 [2013]). In order to determine whether plaintiffs met that burden, Supreme Court was required to "examine the chains of title of deeds and interpret the language of said deeds. The sufficiency of record title depends upon the construction of the deeds, which is generally a question of law for the court" (Koepp v Holland, 688 F Supp 2d 65, 79 [ND NY 2010], affd 593 Fed Appx 20 [2d Cir 2014]). Furthermore, "[b]efore the [c]ourt may rule, as a matter of law, with regard to the parties['] property interests in [the disputed strip of land], the [c]ourt must determine the extent of [the] property interests [of the predecessors of the parties] prior to their conveyances" to the parties (id. at 80). Inasmuch as plaintiffs failed to introduce any evidence establishing the chains of title for the boundary line in either deed, the court properly concluded that plaintiffs failed to establish that they have record title to the disputed strip of land (cf. Crain v Mannise, 125 AD3d 1422, 1424-1425 [4th Dept 2015]). Consequently, the court properly dismissed the first cause of action, seeking a determination that plaintiffs have title to the disputed strip of land.
Plaintiffs do not address in their brief the propriety of the dismissal of their third cause of action, which is based on allegations that defendants "recognized and acquiesced" that plaintiffs were correct with respect to the location of the boundary line between the properties, and thus plaintiffs have abandoned any issue with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We are unable to review plaintiffs' contentions concerning the second and fourth causes [*2]of action, for adverse possession and prescriptive easement. The evidence at trial apparently included a survey map of the disputed boundary line, on which the surveyor marked the boundary lines according to the call of each of the deeds. That survey map was marked in different colors depicting plaintiffs' and defendants' respective proposed boundary line, and all witnesses referred to that exhibit when testifying. The court settled the record, apparently upon motion of plaintiffs, and the settled record does not include that, or any other, exhibit. Thus, plaintiffs, "as the [parties] raising this issue on [their] appeal, submitted this appeal on an incomplete record and must suffer the consequences' " (Resetarits Constr. Corp. v City of Niagara Falls, 133 AD3d 1229, 1229 [4th Dept 2015]; see Matter of Santoshia L., 202 AD2d 1027, 1028 [4th Dept 1994]; see also Killian v Heiman, 105 AD3d 1459, 1459-1460 [4th Dept 2013]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court