| **Moncada v Superior Design Assoc. LLC** |
| --- |
| 2025 NY Slip Op 30025(U) |
| January 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157234/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:　　HON. MARY V. ROSADO　　　　　　　　PART　　　　　33M

　　　　　　　　　　　　　　　　　　　　　　　*Justice*

-----------------------------------------------------------------------X

PERFECTO J. MONCADA,

　　　　　　　　　　　　Plaintiff,

　　　　　　　　- v -

SUPERIOR DESIGN ASSOCIATES LLC,HILSON
MANAGEMENT CORP., 390 FIFTH LLC.,

　　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------X

HILSON MANAGEMENT CORP., 390 FIFTH LLC.

　　　　　　　　　　　　Plaintiff,

　　　　　　　　-against-

ES SERVICE GROUP INC.,

　　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157234/2022 |
| MOTION DATE | 02/16/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595572/2023

The following e-filed documents, listed by NYSCEF document number (Motion 003) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 69, 70, 74, 75

were read on this motion to/for　　　　　　　JUDGMENT - SUMMARY　　　　　　　.

Upon the foregoing documents, and after a final submission date of August 27, 2024, Defendants/Third-Party Plaintiffs Hilson Management Corp. ("Hilson") and 390 Fifth LLC's ("390 Fifth") (collectively "Movants") motion for summary judgment seeking dismissal of Plaintiff Perfecto J. Monacada's ("Plaintiff") common law negligence and Labor Law § 200 claims, summary judgment on Movants' common law and contractual indemnification crossclaims against Defendant Superior Design Associates LLC ("Superior"), summary judgment on Movants' third-party claims against Third-Party Defendant ES Services Group Inc., and dismissal of all cross-claims, is granted in part and denied in part.

[* 1]

## I.       Background

For a more thorough recitation of the facts, the reader is referred to this Court's decision and order on motion sequence 002. For purposes of this motion, Movants seek relief against a variety of parties. First, Movants request dismissal of Plaintiff's Labor Law § 200 and common law negligence claims. Plaintiff does not oppose dismissal and therefore these claims against Movants are dismissed.

Movants also make arguments for dismissal of Plaintiff's Labor Law § 241(6) claims, although this relief is not requested in Movants' notice of motion. Because this relief is not included in Movants' notice of motion, the Court declines to entertain these arguments (*see, e.g. Caesar v Metropolitan Transportation Authority*, 229 AD3d 601 [2d Dept 2024] [trial court not required to grant relief upon grounds other than that requested in notice of motion]).

In any event, Plaintiff was granted summary judgment on his Labor Law § 240(1) claim, and therefore dismissal of his Labor Law § 241(6) claim is academic (*see Malan v FSJ Realty Group II LLC*, 213 AD3d 541 [1st Dept 2023]). Movants also seek summary judgment on their third-party claims, but this is moot as Movants have obtained default judgment on their third-party claims in motion sequence 001 (*see* NYSCEF Doc. 65).

Movants seek summary judgment on their contractual indemnification claim against Superior. Hilson and Superior entered a contract which contained an indemnification clause in favor of Hilson for damages incurred because of Superior or its subcontractors' negligent acts or omissions. Movants argue that Mr. Goe, Superior's witness, admitted that the contract was in effect at the time of Plaintiff's accident, and that Movants were not involved with supervising or directing Plaintiff's work, therefore they argue they are entitled to contractual indemnification.

157234/2022   MONCADA, PERFECTO J. vs. SUPERIOR DESIGN ASSOCIATES LLC ET AL
Motion No.  003

Page 2 of 6

In opposition, Superior takes issue with a witness affidavit submitted by Movants from James E. Schwalbe, who is general counsel for Hilson. Superior argues that Mr. Schwalbe was never identified as a witness and therefore his affidavit is improper. However, Mr. Schwalbe offered an affidavit on Movants' prior motion for default judgment, prior to the note of issue being filed and months prior to the instant motion for summary judgment (*see* NYSCEF Doc. 33). Superior further argues that Mr. Schwalbe lacks sufficient knowledge regarding the contracts entered between Movants and Superior. However, Superior ignores the deposition testimony of its own witness, who authenticated the contract entered between Movants and Superior (NYSCEF Doc. 59 at 39). Movants have not filed any reply.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).Where a party is only vicariously liable and is otherwise free of negligence, that party is entitled to unconditional contractual indemnification (*Herrero v 2146 Nostrand Avenue Associates, LLC*, 193 AD3d 421 [1st Dept 2021]; *Higgins v TST 375 Hudson, LLC*, 179 AD3d 508, 511 [1st Dept 2020]).

There is no dispute that Superior and Hilton entered a contract governing the work giving rise to Plaintiff's accident (NYSCEF Doc. 61). That contract, which is a standard form agreement

157234/2022   MONCADA, PERFECTO J. vs. SUPERIOR DESIGN ASSOCIATES LLC ET AL          Page 3 of 6
Motion No.  003

3 of 6

incorporated by reference A201-2007, General Conditions of Contract for Construction. Those general conditions provide in § 3.18:

> "To the fullest extent permitted by law the Contractor shall indemnify and hold harmless the Owner…from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damages, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property…but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone from whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder…."

Here, Superior's own witness admitted that Movants were not involved in supervising or directing the work, and merely attended weekly progress meetings. Movants' negligence is purely vicarious under Labor Law § 240(1). There is no evidence that Movants were actively negligent in any way. However, the contract only defines Hilton as the owner, and was not signed by any representative of 390 Fifth. A contract imposing an obligation to indemnify must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (*Needham & Co., LLC v IPHealth Holdings, Inc.*, 212 AD3d 561 [1st Dept 2023]). Since the contract is only clear that Hilton is entitled to contractual indemnification from Superior, Movants request for summary judgment on their contractual indemnification claim is only granted as to Hilton.

In any event, 390 Fifth is entitled to common law indemnification from Superior. "Common-law indemnification requires proof not only that the proposed indemnitor's negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence." (*Martins v Little 40 Worth Associates, Inc.*, 72 AD3d 483 [1st Dept 2010]). It is undisputed, based on Mr. Goe's deposition testimony, that responsibility for safety and supervising the worksite was delegated by 390 Fifth and Hilton to Superior. 390 Fifth's liability under Labor Law § 240(1) is purely vicarious, as evidenced by the record and Plaintiff's

abandonment of his Labor Law § 200 and common law negligence claims against Movants. Therefore, 390 Fifth's motion for summary judgment on its common law indemnification crossclaim against Superior is granted (*see Joynes v Acadia-P/A 161st Street, LLC*, 117 AD3d 651 [1st Dept 2014]; *Kielar v Metropolitan Museum of Art*, 55 AD3d 456 [1st Dept 2008]; *Prenty v Cava Const. Co., Inc.*, 289 AD2d 120 [1st Dept 2001]; *Drivas v Berger*, 273 AD2d 151 [1st Dept 2000]). Because 390 Fifth and Hilton are granted summary judgment against Superior on their contractual indemnification and common law indemnification crossclaims, Superior's crossclaims asserted against Movants are dismissed.

Accordingly, it is hereby,

ORDERED that Defendants/Third-Party Plaintiffs Hilson Management Corp. and 390 Fifth LLC's motion for summary judgment is granted in part and denied in part; and it is further

ORDERED that Defendants/Third-Party Plaintiffs Hilson Management Corp. and 390 Fifth LLC's motion for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims asserted against them is granted; and it is further

ORDERED Defendants/Third-Party Plaintiffs Hilson Management Corp. and 390 Fifth LLC's motion for summary judgment on their third-party claims against Third-Party Defendant ES Service Group Inc. is moot as they were already granted default judgment on these claims; and it is further

ORDERED Defendants/Third-Party Plaintiffs Hilson Management Corp. and 390 Fifth LLC's motion for summary judgment dismissing Defendant Superior Design Associates LLC's crossclaims asserted against them is granted; and it is further

ORDERED that Defendants/Third-Party Plaintiffs Hilson Management Corp. and 390 Fifth LLC's motion for summary judgment on their contractual indemnification cross claim

157234/2022   MONCADA, PERFECTO J. vs. SUPERIOR DESIGN ASSOCIATES LLC ET AL
Motion No. 003

Page 5 of 6

asserted against Defendant Superior Design Associates LLC is granted only as to Hilson Management Corp. and is otherwise denied; and it is further

ORDERED Defendants/Third-Party Plaintiffs Hilson Management Corp. and 390 Fifth LLC's motion for summary judgment on their common law indemnification cross claim against Defendant Superior Design Associates LLC is granted; and it is further

ORDERED that within ten days of entry, counsel for Defendants/Third-Party Plaintiffs Hilson Management Corp. and 390 Fifth LLC shall, within ten days of entry, serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/3/2025 | | | | _M_ V _Roa_ JSC |
|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157234/2022   MONCADA, PERFECTO J. vs. SUPERIOR DESIGN ASSOCIATES LLC ET AL          Page 6 of 6
Motion No. 003

6 of 6