# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

166
CA 11-01107
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE ERIE COUNTY SOCIETY FOR THE PREVENTION OF
CRUELTY TO ANIMALS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BETH L. HOSKINS, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 13, 2010. The order, among other things, directed plaintiff to return a specified number of horses to defendant.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that, inter alia, directed it to return 40 horses to defendant, which were seized pursuant to a warrant. After receiving complaints that defendant had failed to provide adequate care for the animals housed on her property, plaintiff executed a warrant and thereby seized 73 horses and 51 cats from defendant. The animals were kept in plaintiff's custody and, according to the complaint, defendant violated Agriculture and Markets Law § 353 and was charged by the Erie County District Attorney with 10 misdemeanor counts of cruelty to animals. This action was commenced by plaintiff seeking, inter alia, reimbursement in a minimum amount of $125,000 "for all reasonable expenses incurred in caring for and sheltering the subject animals since the date of seizure." Plaintiff's contention that Supreme Court lacked statutory authority under the Agriculture and Markets Law, or otherwise, to order that seized animals be returned to their owner is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). In any event, plaintiff's contention lacks merit. While plaintiff's ability to obtain a warrant to enter private property and seize privately owned animals is necessarily dependant on statutory authority (*see* Agriculture and Markets Law §§ 353, 372), the ability of an owner to seek the return of the seized property and a court's inherent authority to order that such property be returned is founded on

principles of due process (*see Fuentes v Shevin*, 407 US 67, 86, *reh denied* 409 US 902; *see generally Property Clerk of Police Dept. of City of N.Y. v Harris*, 9 NY3d 237, 246).  Indeed, the Supreme Court has expressly stated that due process protection extends to "[a]ny significant taking of property" (*Fuentes*, 407 US at 86).  We have considered plaintiff's remaining contentions and conclude that they are without merit.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court