# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**642**

**CA 11-02239**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

ERIE COUNTY SOCIETY FOR PREVENTION OF CRUELTY
TO ANIMALS, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

BETH HOSKINS, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 3, 2011. The order, among other things, directed defendant to post a cash security payment of $13,993.40 pursuant to Agriculture and Markets Law § 373 (6).

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by increasing the amount of the security set forth in the first ordering paragraph by $6,258.60 and the amounts set forth in the third and fourth ordering paragraphs by $3,129.30 each, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, reimbursement for all reasonable expenses incurred in caring for and sheltering certain animals seized from defendant pursuant to a warrant. In a prior appeal, we affirmed the order that, inter alia, directed plaintiff to return 40 of the 73 horses that had been seized (*Erie County Socy. for the Prevention of Cruelty to Animals v Hoskins*, 91 AD3d 1354, 1355). Pursuant to Agriculture and Markets Law § 373 (6) (a), plaintiff sought an order directing defendant to post a security in an amount sufficient to secure payment for all reasonable expenses that plaintiff expected to incur in caring and providing for, inter alia, the remaining 33 seized horses pending disposition of the criminal action against defendant. Plaintiff appeals from an order following a hearing that directed defendant, inter alia, to post a security in the amount of $13,993.40 for the reasonable expenses incurred by plaintiff in caring for those horses for a one-month period.

We agree with plaintiff that Supreme Court erred in failing to award expenses under the category of "boarding," and we therefore modify the order by increasing the amount of the security set forth in

the first ordering paragraph by $2,267.10 and the amounts set forth in the third and fourth ordering paragraphs by $1,133.55 each.  We also agree with plaintiff that the court's calculation of the expenses for employee wages is erroneous inasmuch as it fails to account for one of plaintiff's part-time employees and is based upon a 28-day month.  We therefore further modify the order by increasing the amount of the security set forth in the first ordering paragraph by $3,991.50, i.e., the difference between the amount determined by the court and the reasonable expenses that plaintiff expected to incur for employee wages during the relevant period, and by increasing the amounts set forth in the third and fourth paragraphs by $1,995.75 each.

Contrary to plaintiff's contention, however, we conclude that, "after taking into consideration all of the facts and circumstances of the case," the court properly determined that the amounts sought by plaintiff for security and miscellaneous expenses were not reasonable (Agriculture and Markets Law § 373 [6] [a]).  Finally, plaintiff failed to preserve for our review its contention that the court erred in ordering defendant to post a security for a one-month period rather than "pending disposition of the charges" against her (*id.; see generally* CPLR 4017).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court