■ JOSEPH R. CIESINSKI, Respondent, v TOWN OF AURORA et al., Appellants, and LAWRENCE BIELER et al., Respondents. COUNTY OF ERIE, Third-Party Plaintiff, v AURORA TOWN PUBLIC LIBRARY, Third-Party Defendant-Appellant. [609 NYS2d 745] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motions for summary judgment of defendants, County of Erie, Buffalo and Erie County Public Library and Town of Aurora and of third-party defendant Aurora Town Public Library (defendants) dismissing the complaint. Defendants have not pursued in their briefs the issue raised in their motion papers in Supreme Court that they were entitled to summary judgment because plaintiff failed to offer proof of negligent application of wax or negligent refinishing of the floors. We, therefore, deem that issue abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901; *Lamphear v State of New York,* 91 AD2d 791).

Additionally, Supreme Court properly rejected the contention of the County of Erie and the Erie County Public Library that they were entitled to summary judgment on the ground that they did not have actual or constructive notice of the alleged dangerous or defective condition because they failed, in the first instance, to establish that they did not create that

condition *(see generally, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692).

Finally, the argument advanced by defendants for the first time on appeal that they were entitled to summary judgment on the ground that they did not create the alleged defective condition is not properly before us *(see, Charlotte Lake Riv. Assocs. v American Ins. Co.,* 68 AD2d 151, 154-155). Similarly, the argument raised by defendant Town of Aurora and third-party defendant Aurora Town Public Library for the first time on appeal that they were entitled to summary judgment on the ground that they did not have actual or constructive notice of the alleged defective condition is not properly before us *(see, Charlotte Lake Riv. Assocs. v American Ins. Co., supra,* at 154-155). It is well settled that "[a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" *(Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561; *see also, Douglas Elliman-Gibbons & Ives v Kellerman,* 172 AD2d 307, 308, *lv denied* 78 NY2d 856). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.