■ In the Matter of AMERICAN REF-FUEL COMPANY OF NIAGARA, L.P., Appellant, v NORTHEAST SOUTHTOWNS SOLID WASTE

MANAGEMENT BOARD et al., Respondents. [713 NYS2d 792] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a contract awarded in 1999 by respondent Northeast Southtowns Solid Waste Management Board (NEST) to respondent C.I.D. Landfill, Inc. (CID) for the disposal of solid waste. Supreme Court granted respondents' motions to dismiss the petition as time-barred pursuant to the 60-day Statute of Limitations set forth in General Municipal Law § 120-w (6) (a) (1).

In 1993 29 municipalities in Erie County entered into an agreement to form NEST pursuant to General Municipal Law § 119-o, "to provide for planning and engineering solutions to solid waste problems". In 1998 14 of those municipalities further agreed pursuant to General Municipal Law §§ 119-o and 120-w that they would jointly solicit proposals for solid waste disposal services, and they designated NEST to coordinate the solicitation of those proposals. According to NEST, it was acting pursuant to those agreements when it contracted with CID.

We reject petitioner's contention that the 60-day period of limitations never began to run because NEST did not comply with the publication requirements set forth in General Municipal Law § 120-w (6) (b). The court properly granted the motions with respect to the second and third "causes of action" of the petition because they are based exclusively upon General Municipal Law § 120-w and thus subject to the abbreviated Statute of Limitations set forth therein. Petitioner does not address on appeal the dismissal of the fifth and sixth "causes of action" and thus has abandoned any contention that they are not time-barred (see, Ciesinski v Town of Aurora, 202 AD2d 984).

We conclude, however, that the court erred in granting the motions with respect to the first and fourth "causes of action" to the extent those "causes of action" are based upon General Municipal Law § 119-o. To the extent that the first "cause of action", which challenges the authority of NEST, focuses on General Municipal Law § 120-w, it is time-barred. That "cause of action", however, may be construed as alleging that NEST is not duly and validly constituted under General Municipal Law § 119-o. Likewise, the fourth "cause of action" is based in part on General Municipal Law § 119-o. Thus, to that extent those "causes of action" are not subject to the abbreviated Statute of Limitations set forth in General Municipal Law § 120-w (6) (a) (1). It is undisputed that the petition was filed within the four-

month Statute of Limitations applicable to CPLR article 78 proceedings generally (*see*, CPLR 217 [1]). We therefore modify the judgment by denying respondents' motions in part and reinstating the first and fourth "causes of action" to the extent those "causes of action" are based upon General Municipal Law § 119-o. (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—CPLR art 78.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.