■ ANGELINE McSORLEY et al., Respondents, v MICHAEL J. TRIPOLI, Doing Business as ATLANTIC SERVICES CONTRACTORS,

et al., Appellants. [725 NYS2d 918] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the motion of defendant Michael J. Tripoli, d/b/a Atlantic Services Contractors (Atlantic), for summary judgment dismissing the complaint against him because plaintiffs raised a triable issue of fact whether his conduct proximately caused the injuries of Angeline McSorley (plaintiff) (*see, Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 550). We agree, however, with the contention of defendant Clearview Maintenance Corp. (Clearview) that its motion for summary judgment dismissing the complaint and cross claim against it should have been granted on the ground that it hired an independent subcontractor to perform the work that allegedly caused plaintiff's injuries. The rule that a party who retains an independent contractor is not liable for the independent contractor's negligent acts is "based on the premise that one who employs an independent contractor has no right to control the manner in which the work is to be done" (*Kleeman v Rheingold,* 81 NY2d 270, 274). Clearview submitted evidence establishing that Atlantic was an independent contractor, and plaintiffs failed to submit evidence raising a triable issue of fact whether Clearview controlled or supervised Atlantic's work.

We reject Atlantic's further contention that the court erred in failing to dismiss the complaint, *sua sponte,* based upon plaintiffs' delays during the discovery process. Finally, Atlantic failed to seek summary judgment dismissing the Labor Law causes of action on the grounds now advanced on appeal, and we therefore do not address those grounds (*see, Ciesinski v Town of Aurora,* 202 AD2d 984, 985). (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Hurlbutt and Kehoe, JJ.