■ MAXWELL MCCANTS et al., Individually and as Parents and Natural Guardians of AUSTIN MCCANTS, an Infant, Respondents, v MAGNOLIA B. THOMPSON et al., Respondents, and COUNTY OF ERIE, Appellant. [727 NYS2d 676] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by their infant son from exposure to lead paint while residing in premises in the City of Buffalo. The premises were owned by defendant Maryalice Laverne Hudson and managed by defendant Magnolia Boyd Thompson (collectively, landlords). Plaintiffs allege that the landlords negligently maintained the premises in a defective and dangerous condition and breached the implied warranty of habitability. They allege that defendant County of Erie (County) breached its duty to enforce State and local laws requiring removal of lead paint and was negligent in failing to enforce the correction of the lead paint violations.

The County failed to brief the issue whether Supreme Court erred in denying its motion for summary judgment dismissing the amended complaint against it and therefore has abandoned that issue (*see, Ciesinski v Town of Aurora,* 202 AD2d 984).

Contrary to the contention of the County, Public Health Law § 1373 and 10 NYCRR 67-2.6 do not impose a nondelegable duty upon landlords of single-family dwellings to abate lead paint hazards (*see generally, Kleeman v Rheingold*, 81 NY2d 270, 274-275; *cf., Mas v Two Bridges Assocs.*, 75 NY2d 680, 687-688). We agree with the County, however, that the court erred in granting that part of the motion of the landlords seeking summary judgment dismissing the cross claim against them. The County submitted sufficient proof to raise issues of fact whether the lead paint abatement was an inherently dangerous activity and whether the landlords knew or should have known that the work was inherently dangerous (*see, Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 669-670, *rearg dismissed* 82 NY2d 825; *Reid v Styco of Rochester*, 214 AD2d 955, 956).

Because plaintiffs did not appeal from that part of the order dismissing the amended complaint against the landlords, that part of the order is affirmed. We therefore modify the order by denying in part the motion of the landlords and reinstating the cross claim against them. Because the landlords have been parties since the commencement of this action, no purpose would be served by compelling the County to implead them formally as third-party defendants. Consequently, we further modify the order by converting the County's cross claim against the landlords to a third-party complaint (*see, Cusick v Lutheran Med. Ctr.*, 105 AD2d 681).

We have considered the remaining contentions raised by the parties and conclude that they lack merit. (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.