■ DENISE BISCHOFF, Appellant, v IAN P. WOODWARD, as Administrator of the Estate of PATRICK J. WOODWARD, Deceased, Respondent. (Appeal No. 2.) [750 NYS2d 543] —Appeal from an order of Supreme Court, Genesee County (Noonan, J.), entered October 4, 2001, which denied plaintiff's motion to set aside the verdict and for a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Genesee County, Noonan, J. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.

■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v ELIO FERRARO et al., Defendants, et al., Appellant. [749 NYS2d 921] —Appeal from that part of an order of Supreme Court, Onondaga County (Stone, J.), entered August 22, 2001, that denied the cross motion of defendant Erie Boulevard Associates, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted and the complaint against defendant Erie Boulevard Associates, Inc. is dismissed.

Memorandum: Supreme Court erred in denying the cross motion of defendant Erie Boulevard Associates, Inc. (Erie) for summary judgment dismissing the complaint against it. Erie met its initial burden by establishing that it had hired independent contractors to perform the work that resulted in damage to plaintiff's property and that it did not direct, control or supervise the work (see Kleeman v Rheingold, 81 NY2d 270, 273-274). In opposition, plaintiff failed to submit evidence in admissible form sufficient to raise an issue of fact whether any exception to the general rule of nonliability with respect to independent contractors applies in this case (see McSorley v Tripoli, 284 AD2d 900, 901; cf. McCants v Thompson, 285 AD2d 967; see generally Kleeman, 81 NY2d at 274). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.