Donald R. Catherman et al., Appellants, v Ronald Bryerton, Individually and Doing Business as R&R Carpet Service, Respondent, et al., Defendants. (Appeal No. 1.) [775 NYS2d 746]—

Appeal from an order of the Supreme Court, Oswego County (Robert J. Nicholson, J.), entered February 21, 2003. The order granted the motion of defendant Ronald Bryerton, individually and doing business as R&R Carpet Service, for summary judgment dismissing the complaint against him in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of defendant Ronald Bryerton, individually and doing business as R&R Carpet Service, and reinstating the common-law negligence and derivative causes of action against him and as modified the order is affirmed with costs to plaintiffs.

Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action seeking damages for personal injuries sustained by Donald R. Catherman (plaintiff) while carrying an assembled toilet up a set of stairs. According to plaintiffs, plaintiff fell on loosely laid carpeting near the top of the stairs. Supreme Court erred in granting those parts of defendants' respective motions and cross motion for summary judgment dismissing the common-law negligence cause of action and thus the derivative cause of action. We therefore modify the order in appeal No. 1 and the order and judgment in appeal No. 2 accordingly. There are issues of fact with respect to, inter alia, which party installed the carpeting, and thus we conclude that defendants failed to establish their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiffs do not contend in their brief that the court erred in granting those parts of defendants' respective motions and cross motion for summary judgment dismissing the

Labor Law cause of action, and thus we deem abandoned any issues with respect to the propriety of the court's dismissal of that cause of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.