CHRISTINA KOZLOWSKI, Appellant, v NEW YORK LIFE INSURANCE COMPANY, INC., et al., Respondents. [787 NYS2d 803]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered January 27, 2004. The order granted defendants' motion to stay the proceeding and to compel arbitration and directed plaintiff to submit her claims to arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was an employee sales agent of defendants New York Life Insurance Company, Inc., New York Life Insurance and Annuity Corporation and NY Life Insurance Company of Arizona (collectively, NYL Insurance) under an agent contract, which contains no arbitration provision. Plaintiff was also a registered representative of defendant New York Life Securities, Inc. (NYL Securities) under a form U-4 agreement, which provides for arbitration of claims under the rules of the National Association of Securities Dealers (NASD). Plaintiff was terminated by NYL Securities by form U-5, which noted the reason for termination as "insubordination." Plaintiff subsequently commenced this action for defamation and breach of contract against NYL Insurance, NYL Securities, and the managing partner and another employee in her office. Defendants moved to stay the action and to compel plaintiff to arbitrate her claims under the arbitration rules of the NASD, and Supreme Court granted the motion. We affirm.

As a preliminary matter, we note that resolution of this appeal is governed by federal law (*see Fletcher v Kidder, Peabody & Co.*, 81 NY2d 623, 630-631 [1993], *cert denied* 510 US 993

[1993]). Contrary to the contention of plaintiff, this action arises out of an alleged defamatory statement in the form U-5, and thus is integrally related to her securities employment contract and her concomitant agreement to arbitrate any dispute arising thereunder. Her contention that her claims arose from insurance matters only is thus without merit. Because NYL Securities is a member of the NASD and because plaintiff is a person associated with a member, NYL Securities may compel plaintiff to arbitrate her claims pursuant to NASD rule 10201 (*see Burns v New York Life Ins. Co.*, 202 F3d 616, 620 [2000]). Although plaintiff argued in opposition to the motion that the two individual defendants could not compel her to arbitrate her claims against them, she has not raised that issue in her brief, and thus we conclude that issue is abandoned (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Contrary to plaintiff's further contention, we conclude that NYL Insurance, although itself lacking "power to compel arbitration under the NASD Code" (*Burns*, 202 F3d at 622), is "sufficiently immersed in the underlying controversy for it to be considered a 'certain other[ ]' party" under the NASD rules, and thus is appropriately joined as a participant in the arbitration (*McMahan Sec. Co. L.P. v Forum Capital Markets L.P.*, 35 F3d 82, 87-88 [1994]; *cf. Burns*, 202 F3d at 621). Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.