# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**344**

**CA 11-00963**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

RENAULD DAVIS, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

ESTELLE VALLIE, DEFENDANT-RESPONDENT.

---

FRANK S. FALZONE, BUFFALO, FOR PLAINTIFF-APPELLANT.

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered December 21, 2010 in a personal injury
action.  The judgment dismissed the complaint upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he allegedly sustained on property owned by defendant.
According to plaintiff, he was injured as a result of defendant's
negligent failure to maintain and service a defective storm glass
window.  Plaintiff contends that Supreme Court erred in admitting in
evidence a Rental Assistance Corporation Inspection Report (hereafter,
Inspection Report) and the lease agreement between defendant and the
tenant of the property in question.  Plaintiff objected to the
admission in evidence of the Inspection Report only on the ground that
it was not authenticated pursuant to CPLR 4518 and therefore
constituted hearsay.  He failed to object to that report on any of the
grounds raised on appeal or to object to the admission in evidence of
the lease agreement, and thus his contention is not preserved for our
review (*see Ames v Shute*, 90 AD3d 1629, 1630; *Ciesinski v Town of
Aurora*, 202 AD2d 984, 985; *see generally* CPLR 5501 [a] [3]).  Even
assuming, arguendo, that the court erred in admitting the Inspection
Report in evidence, we conclude that the error is harmless (*see
generally Rizzuto v Getty Petroleum Corp*., 289 AD2d 217, 217-218).

Entered:  March 16, 2012                           Frances E. Cafarell
                                                   Clerk of the Court