# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1142**
**CA 12-00061**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

KAREN MCGRATH AND STEVEN FOLEY,
PLAINTIFFS-RESPONDENTS,

                        V                        MEMORANDUM AND ORDER

TOWN OF IRONDEQUOIT, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MICHAEL J. TUOHEY, ROCHESTER, FOR PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered July 13, 2011. The order, insofar as
appealed from, denied in part the motion of defendant for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from an action for,
inter alia, private nuisance, which plaintiffs commenced to recover
damages arising from the cost of repairs to their parcel of real
property, as well as the diminution of the value of their property.
Plaintiffs alleged that defendant's adjacent parcel of property
collapsed, causing the subsidence of plaintiffs' property. Defendant
contends in appeal No. 1 that Supreme Court erred in denying that part
of its motion for summary judgment dismissing the private nuisance
cause of action, and defendant contends in appeal No. 2 that the court
erred in granting plaintiffs' motion for leave to amend their
complaint.

We reject defendant's contention in appeal No. 1 that the court
should have granted that part of its motion for summary judgment
dismissing the private nuisance cause of action. In support of that
part of the motion, defendant contended that the sloped land was a
naturally occurring event for which it could not be held liable, and
that it was immune from this type of action pursuant to the municipal
immunity doctrine set forth in *Weiss v Fote* (7 NY2d 579, 584, *rearg
denied* 8 NY2d 934). We agree with the court that defendant failed to
meet its initial burden on either prong of the motion (*see generally
Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Defendant's further
contentions with respect to appeal No. 1 are not properly before us

inasmuch as they are raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Contrary to the contention of defendant in appeal No. 2, the court did not abuse its discretion in granting plaintiffs' motion for leave to amend their complaint inasmuch as defendant failed to demonstrate that it will be prejudiced by the amendment, and the amendment is not palpably insufficient on its face (*see Hogarth v City of Syracuse* [appeal No. 1], 238 AD2d 887, 887, *lv dismissed* 90 NY2d 935, *lv denied* 93 NY2d 812).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court