■ In the Matter of RICHARD YACKEL et al., Appellants, v CITY OF ROCHESTER et al., Respondents. [957 NYS2d 800]—

Memorandum: Petitioners commenced this proceeding pursuant to CPLR article 78 challenging an administrative order issued by respondent John D. Caufield, as Fire Chief for the City of Rochester Fire Department (Fire Chief), that, inter alia, effectively demoted the individual petitioners from the rank of battalion chief to captain. The demotions resulted from the abolition of battalion chief positions as part of 2011-2012 budget cuts made by respondent City of Rochester (City), and the decision of the individual petitioners to exercise their "retreat rights" pursuant to Civil Service Law § 81.

Supreme Court properly granted respondents' motion to dismiss the petition. We reject petitioners' contention that the Fire Chief acted in excess of his authority as the appointing authority for respondent City of Rochester Fire Department when he issued the challenged administrative order (*see* City Charter § 8B-1 [D]). In addition, we conclude that section 8B-4 of the City Charter, providing that "members of the Fire Department . . . hold their respective offices during good behavior or until by age or disease they become personally incapacitated to discharge their duties," does not curtail the "undisputed management prerogative of the [City], as an employer, to abolish positions in the competitive class civil service in the interest of economy" (*Matter of Saur v Director of Creedmoor Psychiat-*

*ric Ctr.*, 41 NY2d 1023, 1024 [1977]; *see generally Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 521 [2007]).

Petitioners' contention that they were entitled to a hearing to explore whether the City acted in good faith when it abolished positions within the Fire Department is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). The court properly rejected petitioners' further contention that, as a matter of procedural due process, the individual petitioners were entitled to a hearing prior to their demotions; respondents' action was not based upon the conduct or competency of the individual petitioners (*see generally Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498, 504-505 [2004]), but rather the demotion of the individual petitioners was a function of their seniority and the operation of Civil Service Law §§ 80 and 81. Present—Scudder, P.J., Centra, Fahey, Carni and Valentino, JJ.