# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1419**

**CA 12-01179**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF RICHARD YACKEL, MARK
STRYZYNSKI AND ROCHESTER FIREFIGHTERS
ASSOCIATION, INC., I.A.F.F., LOCAL 1071,
AFL/CIO, PETITIONERS-APPELLANTS,

        V          MEMORANDUM AND ORDER

CITY OF ROCHESTER, CITY OF ROCHESTER FIRE
DEPARTMENT AND JOHN D. CAUFIELD, AS FIRE
CHIEF FOR CITY OF ROCHESTER FIRE DEPARTMENT,
RESPONDENTS-RESPONDENTS.

---

TREVETT CRISTO SALZER & ANDOLINA, PC, ROCHESTER (LAWRENCE J. ANDOLINA
OF COUNSEL), FOR PETITIONERS-APPELLANTS.

ROBERT J. BERGIN, CORPORATION COUNSEL, ROCHESTER (YVETTE CHANCELLOR
GREEN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

   Appeal from a judgment (denominated order) of the Supreme Court,
Monroe County (Ann Marie Taddeo, J.), entered January 17, 2012 in a
proceeding pursuant to CPLR article 78. The judgment granted
respondents' motion to dismiss the petition.

   It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

   Memorandum: Petitioners commenced this proceeding pursuant to
CPLR article 78 challenging an administrative order issued by
respondent John D. Caufield, as Fire Chief for the City of Rochester
Fire Department (Fire Chief), that, inter alia, effectively demoted
the individual petitioners from the rank of battalion chief to
captain. The demotions resulted from the abolition of battalion chief
positions as part of 2011-2012 budget cuts made by respondent City of
Rochester (City), and the decision of the individual petitioners to
exercise their "retreat rights" pursuant to Civil Service Law § 81.

   Supreme Court properly granted respondents' motion to dismiss the
petition. We reject petitioners' contention that the Fire Chief acted
in excess of his authority as the appointing authority for respondent
City of Rochester Fire Department when he issued the challenged
administrative order (*see* City Charter § 8B-1 [D]). In addition, we
conclude that section 8B-4 of the City Charter, providing that
"members of the Fire Department . . . hold their respective offices
during good behavior or until by age or disease they become personally

incapacitated to discharge their duties," does not curtail the "undisputed management prerogative of the [City], as an employer, to abolish positions in the competitive class civil service in the interest of economy" (*Matter of Saur v Director of Creedmoor Psychiatric Ctr.*, 41 NY2d 1023, 1024; *see generally Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 521).

Petitioners' contention that they were entitled to a hearing to explore whether the City acted in good faith when it abolished positions within the Fire Department is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). The court properly rejected petitioners' further contention that, as a matter of procedural due process, the individual petitioners were entitled to a hearing prior to their demotions; respondents' action was not based upon the conduct or competency of the individual petitioners (*see generally Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498, 504-505), but rather the demotion of the individual petitioners was a function of their seniority and the operation of Civil Service Law §§ 80 and 81.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court