■ COUNTY OF LIVINGSTON, Respondent, v RONALD E. CHABOT et al., Appellants. [19 NYS3d 387]—

Appeal from a judgment (denominated order) of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered June 5, 2014. The judgment, among other things, granted plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from a judgment declaring that plaintiff is the owner in fee of a parcel of real property that was subject to an in rem foreclosure proceeding on delinquent tax liens pursuant to RPAPL article 11 and dismissing the counterclaims. Defendants contend that plaintiff failed to comply with the notice provisions of RPAPL 231 (2) (a) with respect to the public auction of the property, which they contend constitutes a jurisdictional defect in the in rem foreclosure proceeding. Although defendants raised that issue as a counterclaim, defendants failed to oppose the motion for summary judgment on that ground and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Furthermore, defendants failed to move to open the default judgment within one month as required by RPTL 1131. In any event, defendants' contention is without merit. Where, as here, a tax district becomes vested with title to real property by virtue of a foreclosure proceeding (*see* RPTL 1136 [3]), it is authorized to sell or convey the real property "with or without advertising for bids, notwithstanding the provisions of any general, special or local law" (RPTL 1166 [1]). Contrary to defendants' contention, our decision in *Matter of Foreclosure of Tax Liens (ExxonMobil Oil Corp.—Hughes)* (41 AD3d 1243, 1243-1244 [2007]) does not compel a different result. In that case, respondent City of Buffalo had not been vested with title to the property pursuant to RPTL 1136 (3). Present—Scudder, P.J., Centra, Carni, Whalen and DeJoseph, JJ.