# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

376
CA 16-01396
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

DONALD GOOLEY, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

BOARD OF EDUCATION AND TOWN OF WEBB UNION
FREE SCHOOL DISTRICT, DEFENDANTS-APPELLANTS.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (CHRISTOPHER M. MILITELLO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered April 29, 2016. The order denied defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, the former Superintendent of Schools of defendant Town of Webb Union Free School District (District), commenced this breach of contract action seeking damages for the alleged breach of an agreement whereby defendants agreed to pay him $22,000 "as compensation for making himself available 'to assist the new Superintendent in the development of the 2012-2013 school budget and such other duties as may be reasonably required to assist in the training and transition of the new Superintendent.' " It is undisputed that, prior to his retirement on January 31, 2012, plaintiff destroyed a large number of documents that were kept in the Superintendent's office. Defendant Board of Education (Board) advised plaintiff by letter that it determined that the removal of the documents constituted a breach of the agreement and canceled the District's obligation under the agreement to issue payments to plaintiff. Defendants moved for summary judgment dismissing the amended complaint and for judgment on their counterclaim, for conversion. We conclude that defendants failed to meet their initial burden (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and thus Supreme Court properly denied the motion.

Defendants supported their motion with, inter alia, plaintiff's deposition testimony that he was at all times "ready, willing and able" to assist the District and the new Superintendent but was never called upon to do so. Plaintiff testified that "at least 50%" of the

documents destroyed were personal documents accumulated over his 52-year career and, otherwise, they were documents that he considered to be his copies of documents that existed in other parts of the District, either as hard copies or in electronic format.  Defendants also submitted the deposition testimony of the newly-hired superintendent (new superintendent), who testified that he called plaintiff with respect to the discarded documents and that police officials and Board members were present during the call.  The new superintendent interpreted plaintiff's responses to his inquiries regarding the discarded documents as a "threat," and he did not again contact plaintiff.  Defendants also submitted the deposition testimony of a District employee who testified that he observed a personnel file in the documents removed from plaintiff's office.

Viewing defendants' submissions in the light most favorable to plaintiff, as we must, we conclude that defendants failed " 'to demonstrate the absence of any material issues of fact' " whether plaintiff's actions constituted a repudiation of the contract (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503, quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), i.e., whether plaintiff's actions "constitute[d] an unequivocal and overt communication of intention not to perform agreed-upon obligations" (*Coniber v Center Point Transfer Sta., Inc.*, 137 AD3d 1604, 1605 [internal quotation marks omitted]).  We likewise conclude that defendants failed to establish their entitlement to judgment on their counterclaim, alleging conversion (*see generally Vega*, 18 NY3d at 503).  Defendants contend for the first time on appeal that plaintiff forfeited his claim under the agreement because he owed a duty of fidelity to defendants and was "faithless in the performance of his services" (*Feiger v Iral Jewelry*, 41 NY2d 928, 928), and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court