Shuknecht v Shuknecht (2018 NY Slip Op 04470)





Shuknecht v Shuknecht


2018 NY Slip Op 04470


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


676 CA 17-02001

[*1]TROY L. SHUKNECHT AND LISA SHUKNECHT, PLAINTIFFS-APPELLANTS,
v
JOAN SHUKNECHT, DEFENDANT-RESPONDENT. 






DADD, NELSON, WILKINSON & WUJCIK, ATTICA (JAMES M. WUJCIK OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
LACY KATZEN LLP, ROCHESTER (MICHAEL J. WEGMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Genesee County (Henry J. Nowak, Jr., J.), entered August 2, 2017. The order, inter alia, granted the motion of defendant for summary judgment on her second counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On a prior appeal involving this property dispute, defendant appealed from an order and judgment that granted plaintiffs' motion for a directed verdict dismissing the counterclaims (Shuknecht v Shuknecht, 147 AD3d 1349, 1350 [4th Dept 2017]). This Court reversed the order and judgment, denied the motion, reinstated the counterclaims, and granted a new trial thereon (id.). Upon remittal, defendant moved for summary judgment with respect to the second counterclaim. Plaintiffs now appeal from an order that, inter alia, granted that motion, and we affirm.
Plaintiffs failed to preserve for our review their contention that defendant's motion under CPLR 3212 (a) is untimely, and thus that contention is not properly before us (see Moreira-Brown v City of New York, 109 AD3d 761, 761 [1st Dept 2013], lv denied 22 NY3d 859 [2014]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). With respect to the merits, we conclude that Supreme Court properly granted the motion. Defendant met her initial burden by submitting plaintiffs' admissions on the prior appeal that defendant owned the property at issue and that plaintiffs were obligated and failed to pay the property taxes and insurance, and plaintiffs failed to raise an issue of fact in opposition (see generally Zuckerman v City of New
York, 49 NY2d 557, 562 [1980]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court