Lauricella v LC Apts., LLC (2019 NY Slip Op 05276)





Lauricella v LC Apts., LLC


2019 NY Slip Op 05276


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


241 CA 18-01301

[*1]RITA LAURICELLA, PLAINTIFF-APPELLANT,
v
LC APARTMENTS, LLC, DEFENDANT-RESPONDENT. 






THOMAS J. RZEPKA, ROCHESTER, FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered March 27, 2018. The order granted the motion of defendant for partial summary judgment dismissing the negligence claim and limiting damages in the breach of contract claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence and breach of contract action seeking damages for personal injuries allegedly arising from her exposure to second-hand smoke in an apartment that she leased from defendant. Plaintiff appeals from an order granting defendant's motion for partial summary judgment dismissing the negligence claim and limiting damages in the breach of contract claim. We affirm.
Initially, we note that plaintiff on appeal does not challenge the dismissal of her negligence claim and is therefore deemed to have abandoned any contention with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We reject plaintiff's contention that Supreme Court erred in granting partial summary judgment limiting the damages that she may recover for breach of contract. Plaintiff sought to recover for personal injuries allegedly arising from second-hand smoke that entered her apartment, i.e., consequential damages (see generally Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192 [2008], rearg denied 10 NY3d 890 [2008]). It is well settled that "the constant refrain which flows throughout the legion of breach of contract cases . . . provides that damages which may be recovered by a party for breach of contract are restricted to those damages which were reasonably foreseen or contemplated by the parties during their negotiations or at the time the contract was executed. The evident purpose of this well-accepted principle of contract law is to limit the liability for unassumed risks of one entering into a contract and, thus, diminish the risk of business enterprise" (Kenford Co. v County of Erie, 73 NY2d 312, 321 [1989]). Thus, in an action seeking damages "for breach of contract, a party's recovery is ordinarily limited to general damages which are the natural and probable consequence of the breach . . . ; any additional recovery must be premised upon a showing that the unusual or extraordinary damages sought were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (Brody Truck Rental v Country Wide Ins. Co., 277 AD2d 125, 125-126 [1st Dept 2000], lv dismissed 96 NY2d 854 [2001] [internal quotation marks omitted]; see Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo, 105 AD3d 1460, 1464 [4th Dept 2013]). Here, defendant met its initial burden on the motion by submitting evidence, including the lease agreement and addendum, demonstrating as a matter of law that the parties did not contemplate that defendant would be liable to plaintiff for damages for personal injuries arising from exposure to second-hand smoke, and plaintiff failed to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Consequently, defendant was entitled to summary judgment dismissing plaintiff's [*2]claim for those consequential damages on the breach of contract claim.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court