Danielle H. v Mannarino (2019 NY Slip Op 08067)





Danielle H. v Mannarino


2019 NY Slip Op 08067


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1028 CA 19-00828

[*1]DANIELLE H., INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF C.H., AN INFANT, PLAINTIFF-APPELLANT,
v
JOSEPH MANNARINO, DEFENDANT, ANTIQUE WORLD & FLEA MARKET, ANTIQUE WORLD, LLC, AND KELLY SCHULTZ, DEFENDANTS-RESPONDENTS. 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GERBER CIANO KELLY BRADY LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered April 29, 2019. The order granted the motion of defendants Antique World & Flea Market, Antique World, LLC, and Kelly Schultz for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint against defendants-respondents is reinstated.
Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by her son when he was struck by a vehicle at a flea market owned and operated by defendants-respondents (defendants). Plaintiff appeals from an order granting defendants' motion for summary judgment dismissing the complaint against them on the ground that their conduct was not, as a matter of law, a proximate cause of the accident. We reverse.
Even assuming, arguendo, that defendants met their initial burden on the motion, we agree with plaintiff that she raised a triable issue of fact with respect to proximate cause, specifically whether defendants' alleged failure to enforce their policy regarding the authorized proximity of goods for sale to the roadway or defendants' alleged failure to deploy orange cones to prevent vehicles from entering the roadway constituted a proximate cause of the accident (see Pineiro v Rush, 163 AD3d 1097, 1098-1099 [3d Dept 2018]; see generally Turturro v City of New York, 28 NY3d 469, 483-484 [2016]). We do not address plaintiff's contentions regarding the potential existence and breach of defendants' duty of care because defendants never sought summary judgment on those grounds (see generally McSorley v Tripoli, 284 AD2d 900, 901 [4th Dept 2001]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court