VanEpps v Mancuso (2020 NY Slip Op 05359)





VanEpps v Mancuso


2020 NY Slip Op 05359


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


556 CA 19-01531

[*1]HELENE F. VANEPPS AND JAMES J. VANEPPS, PLAINTIFFS-APPELLANTS,
v
DAVID D. MANCUSO, DOING BUSINESS AS MANCUSO COUNTRY AUTO AND DOING BUSINESS AS MANCUSO LIMOUSINES & BUSES OF WNY, AND JOSHUA D. WAHL, DEFENDANTS-RESPONDENTS. 






SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (CARRIE L. SMITH OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered March 20, 2019. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint except insofar as the complaint, as amplified by the bill of particulars, alleges that defendants were negligent in failing to provide seatbelts, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained by plaintiff Helene F. VanEpps in a single-vehicle accident involving a limousine bus owned by defendant David D. Mancuso, doing business as Mancuso Country Auto and doing business as Mancuso Limousines & Buses of WNY, and operated by defendant Joshua D. Wahl. We agree with plaintiffs that Supreme Court erred in granting that part of defendants' motion seeking summary judgment dismissing the complaint based on application of the emergency doctrine. " 'The existence of an emergency and the reasonableness of a driver's response thereto generally constitute issues of fact' " (Baldauf v Gambino, 177 AD3d 1307, 1309 [4th Dept 2019]; see White v Connors, 177 AD3d 1250, 1252 [4th Dept 2019]). Upon our review of the record, we conclude that "whether the emergency doctrine precludes liability presents a question of fact and, therefore, summary judgment for defendants . . . was inappropriate" (Green v Metropolitan Transp. Auth. Bus Co., 26 NY3d 1061, 1062 [2015]).
We note, however, that the court also granted that part of defendants' motion seeking to dismiss plaintiffs' claim that defendants were negligent in failing to provide seatbelts on the ground that defendants were under no duty to do so. Plaintiffs failed to brief any argument with respect to the dismissal of that claim, thereby abandoning any challenge to that part of the order (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We therefore modify the order by denying the motion in part and reinstating the complaint except insofar as the complaint, as amplified by the bill of particulars, alleges that defendants were negligent in failing to provide seatbelts.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court