Matter of Sherbk, Inc. v City of Syracuse Bd. of Zoning Appeals (2022 NY Slip Op 02662)

Matter of Sherbk, Inc. v City of Syracuse Bd. of Zoning Appeals

2022 NY Slip Op 02662

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.

121 CA 21-00693

[*1]IN THE MATTER OF SHERBK, INC., PETITIONER-APPELLANT,
v
CITY OF SYRACUSE BOARD OF ZONING APPEALS, LMP SYRACUSE PROPERTY OWNER, LLC, AND TEMPLE SOCIETY OF CONCORD, RESPONDENTS-RESPONDENTS. 

DOUGLAS H. ZAMELIS, COOPERSTOWN, FOR PETITIONER-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR RESPONDENT-RESPONDENT CITY OF SYRACUSE BOARD OF ZONING APPEALS.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JOHN R. LANGEY OF COUNSEL), FOR RESPONDENT-RESPONDENT LMP SYRACUSE PROPERTY OWNER, LLC.
HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES P. YOUNGS OF COUNSEL), FOR RESPONDENT-RESPONDENT TEMPLE SOCIETY OF CONCORD. 

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered April 9, 2021 in a proceeding pursuant to CPLR article 78. The judgment granted the motions of respondents to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding in the nature of prohibition, petitioner appeals from a judgment granting, on several grounds, the motions of respondents to dismiss the petition against them. Petitioner commenced this proceeding seeking, among other relief, a judgment prohibiting respondent City of Syracuse Board of Zoning Appeals (ZBA) from acting on an application by respondents Temple Society of Concord (Society) and LMP Syracuse Property Owner, LLC (LMP) for certain area variances concerning a parcel that the Society owned and that LMP proposed to develop. In its petition, petitioner, the owner and operator of an apartment complex on land adjoining the subject parcel, contended that the application was actually an untimely appeal from the denial of a prior application for permits to develop the subject parcel submitted by LMP and the Society to the City of Syracuse Division of Code Enforcement. Supreme Court granted respondents' motions and dismissed the petition against them on several alternative grounds, including that the deadline applicable to appeals does not apply because the variance application was not an appeal and, with respect to the ZBA's motion, that the agency action was not ripe for review. We affirm.
Initially, we note that petitioner does not challenge the judgment insofar as it granted the ZBA's motion to dismiss the petition against it on ripeness grounds. We therefore conclude that
" 'any issue with respect to that part of the [judgment] is deemed abandoned' " (Killian v Captain Spicer's Gallery, LLC, 140 AD3d 1764, 1767 [4th Dept 2016], lv dismissed 29 NY3d 981 [2017]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Even assuming, arguendo, that petitioner did not abandon its challenge to the ripeness [*2]determination, we affirm that part of the judgment for reasons stated in the decision at Supreme Court.
We reject petitioner's contention that the variance application before the ZBA was an untimely appeal and thus that the court erred in granting the motions. Contrary to petitioner's contention, General City Law § 81-a (5) (b), which requires that an appeal from any "order, requirement, decision, interpretation or determination of the administrative official charged with the enforcement of the zoning local law or ordinance" be taken within 60 days of the filing thereof, does not mandate a different result. Indeed, we reject petitioner's contention that the ZBA is only empowered to hear appeals in zoning matters and thus that the variance application must be an appeal. The General City Law provides that the jurisdiction of the ZBA shall be appellate only, "[u]nless otherwise provided by local law or ordinance" (§ 81-a [4]), and part A, section II, article 5 (3) of the City of Syracuse Zoning Rules and Regulations states that the ZBA, among other things, "shall hear, decide, grant or deny applications for variances and exceptions as herein provided." Thus, the applicable "local law or ordinance" provides that the ZBA has jurisdiction over applications for variances (General City Law § 81-a [4]) and, in holding a hearing and preparing to render a determination on the application at issue, the ZBA was determining an application rather than deciding an appeal (see e.g. Matter of Davis v Zoning Bd. of Appeals of City of Buffalo, 177 AD3d 1331, 1332 [4th Dept 2019]). Inasmuch as the failure to meet the appellate deadline was the sole basis for petitioner's contention that the ZBA was proceeding without or in excess of its jurisdiction, petitioner failed to state a cause of action for prohibition.
Petitioner's remaining contentions are academic in light of our determination.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court