Matter of Almendinger (2023 NY Slip Op 04859)

Matter of Almendinger

2023 NY Slip Op 04859

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

631 CA 22-01790

[*1]IN THE MATTER OF THE ESTATE OF JOAN K. ALMENDINGER, DECEASED. SANDRA FLANDERS, PETITIONER-RESPONDENT; CHARLES NILSSON, OBJECTANT-APPELLANT. 

BRENNA BOYCE, PLLC, HONEOYE FALLS (DAVID C. SIELING OF COUNSEL), FOR OBJECTANT-APPELLANT.
STAMM LAW FIRM, WILLIAMSVILLE (BRADLEY J. STAMM OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), dated April 14, 2022. The order granted the motion of petitioner for summary judgment and admitted to probate decedent's will dated March 12, 2012. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Objectant appeals from an order that granted petitioner's motion for summary judgment dismissing his objections to the probate of decedent's will based on, inter alia, allegations of undue influence, and admitted decedent's will to probate. We conclude that Surrogate's Court properly granted the motion inasmuch as petitioner met her initial burden and objectant failed to raise a triable issue of fact in opposition (see Matter of Bodkin [appeal No. 3], 128 AD3d 1526, 1528 [4th Dept 2015]; Matter of Alibrandi, 104 AD3d 1175, 1177-1178 [4th Dept 2013]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Objectant's contention that petitioner's motion was premature is raised for the first time on appeal and is therefore not properly before us (see Dunn v Covanta Niagara I, LLC [appeal No. 1], 181 AD3d 1340, 1340 [4th Dept 2020]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, objectant "failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of" another party (Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C., 175 AD3d 1836, 1837 [4th Dept 2019] [internal quotation marks omitted]). Objectant's remaining
contentions are raised for the first time on appeal and are therefore not properly before us (see generally Ciesinski, 202 AD2d at 985).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court