Vermillion v Roofing Guys, Inc. (2025 NY Slip Op 03457)

Vermillion v Roofing Guys, Inc.

2025 NY Slip Op 03457

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

374 CA 24-00258

[*1]JAMES VERMILLION, PLAINTIFF-APPELLANT,
T
v
HE ROOFING GUYS, INC., DEFENDANT-RESPONDENT. 

GALLI LAW, PLLC, SYRACUSE (ANTHONY C. GALLI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered January 26, 2024. The order granted the motion of defendant insofar as it sought to preclude testimony or evidence of consequential damages. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for breach of contract, plaintiff homeowner appeals, as limited by his brief, from that part of an order that granted defendant's motion insofar as it sought to preclude plaintiff from offering testimony or proof regarding consequential damages.
Plaintiff purchased a residence in Syracuse with the intention of renovating it, obtaining a certificate of occupancy, and making it his primary residence. To that end, plaintiff entered into a contract with defendant to reroof the residence. Defendant subcontracted the project to another contractor. During the course of the work, there was a severe storm—including heavy rain and high winds—which caused water damage to the property, including the attic.
Plaintiff commenced this action against defendant and, after the completion of discovery, served an expert disclosure seeking to introduce testimony regarding "damages resulting from [defendant's] project delays and the increase in mortgage interest rates, material and construction costs" including "project damages caused by [defendant's] disruption to project financing." Defendant moved to, inter alia, preclude plaintiff from adducing proof at trial regarding consequential damages, and Supreme Court granted the motion insofar as it sought that relief. We affirm.
Contrary to plaintiff's contention, consequential damages were not contemplated by the parties when the contract was executed. It is well settled that "damages which may be recovered by a party for breach of contract are restricted to those damages which were reasonably foreseen or contemplated by the parties during their negotiations or at the time the contract was executed" (Kenford Co. v County of Erie, 73 NY2d 312, 321 [1989]). "[I]n an action seeking damages for breach of contract, a party's recovery is ordinarily limited to general damages which are the natural and probable consequence of the breach" and "any additional recovery must be premised upon a showing that the unusual or extraordinary damages sought were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (Lauricella v LC Apts., LLC, 173 AD3d 1821, 1821-1822 [4th Dept 2019] [internal quotation marks omitted]).
"To determine whether consequential damages were reasonably contemplated by the parties, courts must look to the nature, purpose and particular circumstances of the contract known by the parties . . . as well as what liability the defendant fairly may be supposed to have [*2]assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made" (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 193 [2008] [internal quotation marks omitted]; see Kenford, 73 NY2d at 319). Here, plaintiff entered into a "bare bones" contract with defendant to tear off the roof of the residence, replace all rotted plywood, re-lay architectural shingles, and remove all roofing debris. Inasmuch as the contract makes no mention of consequential damages and contains nothing that could be interpreted as contemplating consequential damages, and no party testified that consequential damages were contemplated when the contract was entered, the court properly precluded testimony or proof of consequential damages.
Plaintiff's contention regarding defendant's subcontract is not preserved for appellate review because plaintiff failed to raise that issue before the motion court (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court