Matter of McClarin v Whitehead (2025 NY Slip Op 03934)

Matter of McClarin v Whitehead

2025 NY Slip Op 03934

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

556 CAF 23-01716

[*1]IN THE MATTER OF LATISHA M. MCCLARIN, PETITIONER-APPELLANT,
v
TIMOTHY WHITEHEAD, SR., RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.
REBECCA J. TALMUD, WILLIAMSVILLE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered September 26, 2023, in a proceeding pursuant to Family Court Act article 8. The order granted respondent's motion to, inter alia, dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: These consolidated appeals arise from five proceedings pursuant to article 8 of the Family Court Act. In appeal Nos. 2, 4, 6, 8, and 10, petitioner appeals from five orders dated September 26, 2023 that granted respondent's motion to, inter alia, dismiss the petitions based on petitioner's lack of standing. In appeal Nos. 1, 3, 5, 7, and 9, petitioner appeals from five orders also dated September 26, 2023 that dismissed the petitions due to lack of standing.
Initially, we dismiss appeal Nos. 1, 3, 5, 7, and 9 inasmuch as the orders in those appeals are effectively duplicative of the orders in appeal Nos. 2, 4, 6, 8, and 10 (see generally Matter of Chendo O., 175 AD2d 635, 635 [4th Dept 1991]).
With respect to the remaining appeals, petitioner's contention that she has standing by virtue of an "intimate relationship" with respondent under Family Court Act § 812 (e) (1) is raised for the first time on appeal and is not properly before us (see Matter of Jonathan M. v Jessica N., 236 AD3d 1360, 1362 [4th Dept 2025]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court